Metropolitan Life Ins. Co. *v.* Commercial National
Bank, Appellant.

Argued September 27, 1934.

Before TREXLER, P. J.,
KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER
and JAMES, JJ.

*Walter Thomas,* and with him *Thomas J. Minnick,
Jr.,* for appellant.

*J. Channing Ellery,* and with him *Robert Mair* and
*Wayne P. Rambo,* for appellee.

OPINION BY BALDRIGE, J., November 22, 1934:

The Metropolitan Life Insurance Company, hereinafter called the insurance company, was the owner of a mortgage, dated January 5, 1926, covering five properties, located on Foulkrod Street, in the City of Philadelphia. Foreclosure proceedings were instituted thereon and the several properties sold at sheriff's sale to the insurance company. The purchase price was insufficient to pay the indebtedness due the mortgagee. Taxes for the years 1931 and 1932 were due on these properties and the amount thereof was deducted from the purchase price. This suit was brought against the Commercial National Bank, hereinafter called the bank, to recover the amount of these taxes.

The statement of claim alleges that on the 1st of February, 1926, these properties were conveyed, by deed, to the Southwark Title & Trust Company, hereinafter called the trust company; that on the 24th of February, 1930, the trust company sold, transferred and conveyed all its assets, including this real estate, to the bank.

The affidavit of defense denies that the property purchased by the insurance company was sold and conveyed to defendant, or that it is the real owner, and averred that the trust company acquired the legal title to the premises as a dry trustee to secure Martin H. Walroth & Son for the payment of certain moneys owed them by Frank Kaiser, the real owner, as shown by a letter written by the trust company, dated January 27, 1926, to Martin H. Walroth & Son, to which was attached, in writing, the approval of Kaiser; and that these facts were known to the plaintiff. The letter stipulated that the trust company is "in no way responsible for the charges, liens, restrictions, objections, taxes, interest, encumbrances, etc.;" that the trust company would reconvey to Kaiser, or his nominee, upon satisfactory proof that the amount thus

secured had been paid. The bank further averred that it was not liable for the taxes, and that neither it nor the trust company had ever collected or received any rents or income therefrom.

Attached to the affidavit of defense was an agreement, dated February 24, 1930, wherein it was provided, inter alia, that "the Southwark Trust Co. hereby sells, assigns, transfers and sets over unto the Commercial Bank, all its property and assets, real and personal, and agrees to make, execute and deliver all such further instruments as may be necessary or desirable to vest title thereto in said Commercial Bank." The bank agreed therein to assume and pay all liabilities of the trust company, and was given full authority to liquidate all the assets so received. It agreed to pay to the trust company "an amount equal to the net amount realized from the sales or other disposition of said assets and the value of such of said assets as shall be retained by the Commercial Bank for its own use, such payment to be made after the deduction of all liabilities to depositors, banks, incidental expenses, etc., . . . . . . and after all expenses incurred by the Commercial Bank . . . . . . including interest at the rate of six per cent per annum on all money advanced by the Commercial Bank for the payment of liabilities of the Southwark Trust Co. pursuant hereto."

The learned court below made absolute a rule for want of a sufficient affidavit of defense. Hence this appeal.

There can be no doubt that either the real owner or the registered owner of the property is liable for taxes. "Personal liability for taxes is an incident to ownership of land": Penna. Co. v. Bergson, 307 Pa. 44, 49, 159 A. 32. There is no averment that the bank was the registered or record owner. The main questions, therefore, that confront us are, (1) Does the affidavit of defense adequately deny that the defendant is the

real owner of the property as averred? (2) If the bank is not the real owner, is it liable for the taxes under the provisions of the agreement of February 24, 1930?

(1) It is unnecessary to decide at this time whether the writing of January 27, 1926, alleged to have been executed by the trust company when it obtained a legal title to the property, amounted to a defeasance under the Act of April 23, 1909, P. L. 137, §1 (21 PS §951), as appellant contends. But that transaction may throw light on the intention of the parties to the agreement of February 24, 1930. The first paragraph thereof sets forth that the trust company is selling all its property, including real estate, to the defendant, but it does not mention any particular real estate. The agreement, as a whole, clearly indicates that the property was conveyed for the purpose of liquidating the assets of the trust company. But it does not appear, with sufficient definiteness, that it was the intention of the parties to convey, or that it actually did convey, to the bank, these particular properties against which the taxes were assessed. It may well be concluded that the properties were not part of the trust company's assets that could be used to pay its indebtedness. If the trust company did not regard the real estate upon which the taxes were assessed as part of its property, it would naturally follow that it was not within the contemplation of the parties that the bank should take title thereto. In view of the character of this transaction, and the contents of the writings pleaded, it can not be said that plaintiff's averment—that the defendant was the real owner of the property—was not sufficiently denied to prevent judgment on the pleadings; that was a question of fact for a jury's consideration, and the burden was on the plaintiff to prove its allegation.

(2) Nor can it be held, as a matter of law, that the bank is liable, under the agreement, to pay the taxes,

on the theory that they represent an indebtedness of the trust company which the bank assumed to pay. The bank agreed to pay only the amount due depositors of the trust company, loans made by any bank or trust company to it, together with incidental expenses incurred to the date of the agreement. Nothing was said about taxes assessed or any real estate.

This is not such a clear case that judgment should have been summarily entered on the pleadings.

Judgment of the lower court is reversed with a procedendo.