## Wyndmoor B. & L. Assn. v. Maginnis et ux.

*High, Dettra & Swartz*, for plaintiff.
*Ditter & Menges*, for defendants.

DANNEHOWER, J., December 14, 1936.—This is an action in assumpsit brought by plaintiff to recover county, borough and school taxes assessed against certain premises in the Borough of Jenkintown, this county, for the years 1933 and 1934, amounting to $333.95, and for sewer rent for the years 1930 to 1935, inclusive, amounting to $164.82, or a total of $498.77, which plaintiff, mortgagee, as purchaser at sheriff's sale, had been required to pay, and for which defendants, as owners of the real estate during those years in which said taxes and rents were assessed, were personally liable to the taxing authorities. . . .

### Discussion

It is well settled in this Commonwealth that the registered owner of seated land is personally liable for the taxes assessed against the same, and that a mortgagee who has been compelled to pay such taxes in order to protect his interest in the land is subrogated to all the rights of the taxing authority to receive and collect the said taxes and may recover the amount so paid from the registered owner: Integrity Trust Co., Trustee, v. St. Rita's B. & L. Assn., 317 Pa. 518; Cunningham et al. v. Hancock B. & L. Assn., 51 Montg. 220; Metropolitan Life Ins. Co. v. Commercial National Bank, 115 Pa. Superior Ct. 224. The application of this principle to the facts of the instant case results in the necessary conclusion that plaintiff is entitled to recover the amount it paid for taxes as stated.

With respect to the sewer rents, it is also true that the owner of the real estate at the time of the assessment of the sewer rent is personally liable to the borough. Section 2173 of the Act of May 4, 1927, P. L. 519, provides:

" Such annual sewer rentals or charges, or such fixed sum, shall be a lien on the properties charged with the payment thereof, from the date set forth in the ordinance, and, if not paid after thirty days' notice, may be collected by an action of assumpsit, in the name of the borough

against the owner of the property charged, or by distress of personal property on the premises, or by a lien filed in the nature of a municipal lien."

Since the borough has a right of personal action against the owner of the real estate for sewer rents, there is a right to which plaintiff, as mortgagee purchasing under the mortgage foreclosure, can be subrogated. The reasons which support a recovery of money paid by the mortgagee for taxes on a foreclosure of a mortgage are of equal force in supporting a recovery for sewer rents under the principle of subrogation in a like situation. It follows plaintiff is entitled to recover for the money paid for sewer rents as claimed.