by the learned Superior Court, in *Coyle v. Pgh. Rwys. Co.,* 149 Pa. Superior Ct. 281, 27 A. 2d 533. These cases rule the instant case and prevent a recovery. A passenger, walking or standing in a moving conveyance, or one that is about to start, must exercise ordinary foresight and common knowledge, and recognize the inherent danger of loss of equilibrium, and guard against that possibility and its consequences. It is only for unusual and extraordinary occurrences, such as could not reasonably be anticipated and prevented, that recovery is allowed in cases of this kind.

The motion to take off the non-suit was properly denied.

Judgment affirmed.

## Sophia Wilkes Building and Loan Association (to use of Wiehe, Appellant) *v.* Rudloff.

Argued December 2, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*George S. Pressman,* for appellant.

*Harry J. Gerber,* for appellee.

*Joseph A. Allen,* with him *William F. Brennan,* for interested party under Rule 61.

PER CURIAM, January 3, 1944:
The judgment is affirmed on the opinion of President Judge GORDON of the court below.

## ERRATUM

### 348 Pa. 477, at p. 484

In the report of Sophia Wilkes Building and Loan Association v. Rudloff, seventh line from the top, the sixth word, the word "not", should be "now", so that the complete sentence will read:

However that may be, the Act itself has now created a conclusive presumption that the property was worth at least one hundred percent of the judgment.

Please note this correction in your copy of volume 348.

*Laurence H. Eldredge*

LAURENCE H. ELDREDGE,
*State Reporter.*

Nov. 30, 1944