## D'Orizio v. Girondi et al.

*Russell J. Brownback*, for plaintiff.
*William P. Landis*, for defendants.

KNIGHT, P. J., April 5, 1944.—The record in this case presents the following relevant facts: On May 18, 1931, plaintiff loaned to defendant, Vincenzo Girondi, and his wife, Mariateresa Girondi, the sum of $2,500, secured upon a certain property in Lower Merion Township by bond and mortgage executed by Girondi and his wife. Over 14 months later, on August 9, 1932,

plaintiff loaned to Girondi and his wife the further sum of $1,200, secured in like manner and upon the same premises.

On December 12, 1934, the first mortgage of $2,500 was foreclosed, and the premises upon which it was secured sold to the attorney for plaintiff, being the attorney on the writ, at sheriff's sale on January 30, 1935, for the sum of $108.48. On June 12, 1939, judgment was entered by plaintiff against defendant on the bond accompanying the $2,500 mortgage, which judgment remains of record in judgment docket J-5, p. 394. On the same day judgment was entered by plaintiff against defendant on the bond accompanying the mortgage of $1,200, which judgment remains of record in judgment docket J-5, p. 393.

Six months and over have elapsed since the effective date of the Deficiency Judgments Act of July 16, 1941, P. L. 400, and the amending Act of May 27, 1943, P. L. 681, but no proceeding has been taken to establish the fair value of the premises sold by the sheriff on January 30, 1935, as aforesaid. Mariateresa Girondi, one of the defendants, is now deceased.

Defendant contends that, under the provisions of the Deficiency Judgments Act of July 16, 1941, P. L. 400, and the supplemental Act of May 27, 1943, P. L. 681, the judgments should be stricken from the record.

It is not our purpose to discuss the purpose of the Deficiency Judgments Act or the evils and injustices it was designed to remedy; this has all been done by our appellate courts. The act provides a method of fixing the fair value of real estate sold under an execution when the amount received from the judicial sale does not equal the amount of the judgment by virtue of which the real estate was sold. The act also provides that it shall be the duty of the plaintiff in the judgment to institute proceedings under the act to fix the fair value of the property sold within six months of the sale or within six months of the effective date of the act.

By the amendment of 1943, it is provided that if the plaintiff in the judgment fails to take proceedings to fix the fair value of the real estate sold *within six months of the sale* any person interested may present a petition to the court setting forth the facts, and the court being satisfied of such facts may direct the prothonotary to mark said judgment satisfied, released, and discharged.

It seems quite obvious that the judgment of $2,500 entered in judgment docket J-5, p. 394, comes within the provision of the Deficiency Judgments Act, supra: Pennsylvania Co., etc., v. Scott, 346 Pa. 13 (1942); Sophia Wilkes B. & L. Assn. v. Rudloff, 348 Pa. 477 (1944).

We cannot agree that the judgment entered on the bond accompanying the second mortgage lies within the swath of the statutes and must be stricken down. A reading of the Act of 1941 convinces us that its provisions apply only to the judgment or debt by virtue of which the real estate was sold. Throughout the act, reference is made only to the "judgment" or to the "debt". Nowhere except in the title is the plural "judgments" and "debts" used. Thus in section 1 it is provided:

"Whenever . . . real property . . . is . . . sold . . . to the plaintiff in execution proceedings and the price . . . is not sufficient to satisfy the amount of the judgment, interest and costs and the plaintiff seeks to collect the balance due on said judgment, interest and costs, the plaintiff . . . shall petition the court . . . to fix the fair market value of the property sold. . . ."

Section 2, which prescribes what must be set forth in the petition to fix fair value, speaks only of the debt for which the judgment was entered. In the remaining sections of the act many references are made to "the debt", which in our opinion can mean only the debt evidenced by the judgment by virtue of which the real estate was sold. This is made clear by section 9 of the act, which provides:

". . . nothing in this act shall be construed to effect a release or discharge of any person otherwise than, nor to any greater extent than as herein expressly provided."

The legislature never intended that all judgments that might bind a piece of real estate should be marked satisfied if proceedings were not taken to fix fair value. A has a judgment which binds many properties of B, some of which are unknown to A. One of these unknown properties is sold by virtue of an execution on a judgment obtained by C. No proceedings are taken to fix fair value. If the contention of the petitioner is correct, the judgment of A must be marked satisfied. Examples could be multiplied to show how this interpretation of the act would work gross injustice.

It is argued that here the first and second mortgages and the judgments entered on the bonds accompanying the same are owned and held by the same person, and that therefore they should be treated as one debt. We cannot agree with this; the second mortgage was executed and recorded 14 months after the first; they are separate and distinct judgments and debts. The fact that they are owned by the same person, in our opinion, makes no difference.

The procedure of petitioner seems to be improper. He asks that the judgments be stricken off. This can be done only when some fatal irregularity or defect appears on the face of the record. Under the Act of 1943 the prayer of the petition should be for a directive to the prothonotary to mark the judgments satisfied, released, and discharged. The Act of 1943 provides that the proceedings to fix fair value must be taken within six months of the sale, and says nothing of the effective date of the act as provided by the Act of 1941 which it amended. As the judgments here considered were entered and the real estate sold before the passage of the Act of 1941, there may be some question whether the

Act of 1943 applies to them. We think, however, that the provisions of the Act of 1943 apply, and even if they do not the petitioner would be entitled to relief under the provisions of the Act of March 14, 1876, P. L. 7. See Sophia Wilkes B. & L. Assn. v. Rudloff, 348 Pa. 477 (1944). We will, therefore, treat the rule granted on the petition as a rule to show cause why the prothonotary should not be directed to mark the judgments satisfied, released, and discharged.

And now, April 5, 1944, the rule, so far as it applies to the judgment for $2,500 entered in judgment docket J-5, p. 394, is made absolute, and the prothonotary is directed to mark the said judgment satisfied on the record. The rule, as it applies to the judgment of $1,200 entered in judgment docket J-5, p. 393, is discharged.