## Coal Township School District v. Evans

*John L. Pipa, Jr.*, for plaintiff.
*Harold F. Bouno*, for defendant.

FORTNEY, P. J., April 1, 1946.—Plaintiff above instituted an action in assumpsit against defendant for the recovery of unpaid school taxes for the years 1940 to 1944 inclusive, assessed on six separate tracts of

land. The action was brought under the Act of June 20, 1939, P. L. 508.

Defendant, after service of the summons and statement of claim, filed a petition for a rule to have determined preliminarily the question of whether or not the court had no jurisdiction over the defendant or the cause of action under the provisions of the Act of March 5, 1925, P. L. 23, 12 PS §672. To this petition, plaintiff filed an answer, and the matter now comes before the court on this petition and answer.

Defendant contends if he defaults in the payment of the unpaid taxes there will be a general money judgment entered against him for which all the property of defendant, real and personal, will be liable, including lands on which defendant has paid his taxes in full.

It has been held uniformly for many years that personal liability for taxes is an incident to the ownership of land and the persons charged in tax duplicates are personally liable for the tax.

To substantiate his contention, defendant argues that the meaning of the term "personally liable" refers only to personal assets of the owner and does not include other real estate owned by him. The Act of April 16, 1845, P. L. 495 declares the taxing authorities "shall have power to bring suit . . . against the person or persons returned and registered in the register of unpaid taxes on real estate . . . and shall . . . obtain judgment in favor of the county . . . which judgment shall have the same effect, to all intents and purposes, as judgments in other cases."

It was held in Republic Building & Loan Association v. Webb, 12 Pa. Superior Ct. 545 at 547:

"That the assessed owner of seated land is personally liable for the taxes, notwithstanding the fact that under the statutes they are a lien or charge upon the land cannot be questioned."

The Act of 1939, P. L. 508, sec. 2 (*b*) authorizes each taxing district, in addition to other remedies provided therein, to collect unpaid taxes by a suit in assumpsit and after judgment obtained execution may issue without stay or benefit of any exemption law, and the right of the taxing unit to collect unpaid taxes under this provision shall not be affected by the fact that such taxes have been entered as liens in the office of the prothonotary or the fact that the property against which they were levied has been returned to the county commissioners.

It is clear by a reading of the entire section that the legislature intended to provide taxing units an additional method to collect delinquent taxes by an action in assumpsit, and that a judgment thus recovered should be a general one and all the property of defendant may be levied and sold in satisfaction of such judgment: Pennsylvania Company, Trustee v. Bergson, 307 Pa. 44, Fidelity-Philadelphia Trust Company, Trustee v. Land Title Bank and Trust Company, 326 Pa. 262 at 264, Germantown Trust Company v. Stanley Company of America, 338 Pa. 533 at 537, Metropolitan Life Insurance Company v. Commercial National Bank, 115 Pa. Superior Ct. 224.

The next question raised by defendant attacks the constitutionality of the Act of 1939, P. L. 508, alleging a violation of article 3, sec. 3 of the Constitution of Pennsylvania, in that the act contains more than one subject which is not clearly expressed in its title and does not give notice of the provisions of section 2(*b*).

The title of the act is as follows:

"Defining the rights, powers and duties of collectors of county taxes, except in counties of the second class and counties having local or special laws relating thereto, and of collectors of city, in cities of the third

class, borough, town, township, school district and institution district taxes; providing for the collection of such taxes by suit, distraint, and lien and sale of the chattels of taxables and of tenants on the real estate affected, and from employers of delinquent taxables; authorizing the appointment of deputies by the tax collectors; defining certain defaults of tax collectors as embezzlements; and imposing penalties."

Article 3, sec. 3 of the Constitution of Pennsylvania is as follows:

"No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title."

The purpose of this section has been said by the Supreme Court of Pennsylvania is to strike down omnibus bills which unite in the same law, subjects entirely foreign to and not connected with each other, giving no notice of the greater part of the contents of the bill and affording opportunity for fraud and deception. It is, however, no infringement of this section if there are several provisions in the bill, provided they are connected with and germane to one general subject of legislation. In Lehigh Navigation Coal Company v. Pennsylvania Public Utility Commission, 133 Pa. Superior Ct. 67 at 78, the court says, quoting Payne v. School District of Coudersport:

" 'The title to a bill need not be an index to its contents, but it must be so broad as to cover all the provisions of the act, and not merely some of its subdivisions. One of the tests applied in the cases, to determine the sufficiency of a title to a bill, is the inquiry whether it fairly gives notice by its terms to all persons interested, of the subject matter of the act'."

In poor District Case No. 1, 329 Pa. 390 at 399, the Supreme Court said:

"Plurality of subjects is not objectionable so long as they are reasonably germane to each other: . . ."

In Turco Paint and Varnish Company v. Kalodner et al., 320 Pa. 421 at 436, we find the title to the act is sufficient if it gives such notice of its contents as to put the reader to further inquiry. See also Blythe Township v. Mary D Coal Mining Company, 54 D. & C. 388.

The subject of the act is to define the rights, powers and duties of tax collectors in the prescribed districts, as well as the means to collect the taxes, which is one subject. Section 2(b) provides an additional remedy for the collection of taxes by an action in assumpsit. Instead of containing more than one subject, the provisions are cognate, each respectively relating not to a separate and independent subject of relationship but to branches of the same general subject.

Defendant contends, finally, that section 2(b) of the Act of June 20, 1939, P. L. 508, is unconstitutional, in that it violates the provisions of article 1, sec. 1 of the Constitution of Pennsylvania, which reads as follows:

"All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness."

The exercise of the power of taxation does not contravene the clause of this section as to the right to acquire and possess property. We must then look further to the right secured by the Constitution to protect property. "To protect" means to keep in safety, guard, shield, but does not mean that one's property cannot be sold by a sheriff, where execution legally follows upon a valid judgment: Wert v. Wildermuth, 41 D. & C. 169 at 173.

*Order*

And now, April 1, 1946, the petition for rule to show cause why the action should not be dismissed and service of summons set aside is dismissed at the cost of defendant, and defendant is given 15 days from this date to file an affidavit of defense on the merits.