## Reading Trust Company, Appellant, v. Campbell et al.

Argued April 16, 1946. Before BALDRIGE, P. J.,
RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*George M. Spence,* with him *Spence, Custer & Saylor,*
for appellant.

*Morton Meyers,* with him *Graham, Yost, Meyers &
Graham,* for appellees.

OPINION BY ARNOLD, J., July 19, 1946:

This case involves questions as to the recovery of
real estate taxes on lands sold on a mortgage, and pur-
chased by the mortgagee, where no proceeding was had
under the Deficiency Judgment Act of July 16, 1941,
P. L. 400 (12 P. S. 2621.1 et seq.). The facts appear by a
case stated in an action of assumpsit: One Denny in 1915
gave his bond and mortgage to Reading Trust Company.
The debt of $75,000 was secured by real estate in the

city of Johnstown. The mortgagor covenanted both in the mortgage and bond to pay the real estate taxes, and that if not paid by him the mortgagee could pay them and add the amount to the debt secured, and collect the same in like fashion. In 1934 Denny conveyed the real estate, subject to the mortgage, to Johnstown Trust Company, now in the hands of liquidating trustees. About December 1, 1939, Reading Trust Company entered into possession of the mortgaged premises and collected rents aggregating $1846. In 1940 Reading Trust Company sued out a scire facias and liquidated and took judgment for $101,515.86, which included $2115.86 of city and school taxes. The premises were offered for sale by the sheriff on June 1, 1940, and Reading Trust Company bid $3025, but defaulted thereon, and at a resale on June 7, 1940, bought in the premises for $25. The sheriff's sale was confirmed by the court on June 28, 1940. The sheriff's deed was acknowledged June 17, 1940, and filed with the recorder of deeds on June 28, 1940.

On June 10, 1940, three days after the resale and eighteen days before the confirmation by the court. the school district of the city of Johnstown levied taxes amounting to $908.82 upon the premises described in the mortgage. These taxes were for the fiscal year beginning the first Monday of July, 1940, and were first demandable, payable and collectible on the first Monday of July, 1940.

The mortgagee-purchaser instituted no proceedings to fix the fair market value under the Deficiency Judgment Act of 1941. It, however, claims to recover in assumpsit from the then owner, Johnstown Trust Company, (a) the taxes of $2115.86 liquidated into its judgment, and (b) the taxes of $908.82 levied by the school district on June 10, 1940 (three days after the resale but before confirmation and deed), paid by Reading Trust Company after the sheriff's sale. The right to recover is based on the theory of subrogation, the Johns-

town Trust Company being personally liable to the school district for the taxes.

The court below, after auditing the rents collected by the defendant, gave judgment for the plaintiff for $296.51, holding that there could be no recovery for the items of taxes of $2115.86 (liquidated into the mortgagee's judgment) or for the taxes of $908.82 paid by the mortgagee-purchaser after the sale, and plaintiff appealed.

As to the item of taxes of $2115.86 liquidated into the plaintiff's judgment on the scire facias, the question is ruled. The plaintiff's judgment is presumed to be paid in full in kind—the plaintiff in the writ being the purchaser at the sheriff's sale: *Sophia Wilkes Building and Loan Association v. Rudloff*, 348 Pa. 477, 35 A. 2d 278; *McGrath Estate*, 159 Pa. Superior Ct. 78, 46 A. 2d 735.

As to the item of $908.82 a different question is presented. The school taxes for the city of Johnstown were levied between the date of the sale (resale) June 7, 1940, and the date of confirmation and sheriff's deed June 28, 1940. As previously noted the fiscal year of the school district began the first Monday of July, 1940, and the taxes (levied prior thereto) were (as stipulated in the case stated) "first demandable, payable and collectible" on said first Monday of July. The well-considered opinion of Judge McKenrick, writing for the court below, on this question stated:

"Ordinarily, taxes are a lien from the time they are levied and the owner on that date is liable for the taxes for the whole year. Shaw v. Quinn, 12 S. & R. 298; Theobold v. Sylvester, 27 Pa. Superior Ct. 362; King v. Mt. Vernon Building & Loan Ass'n., 106 Pa. 165. But where, as here, the levy is made before the commencement of the taxable year, we are of opinion that the owner at the beginning of the taxable year is liable, otherwise, an owner might be liable for next year's taxes even though he had parted with title before. Since the Read-

ing Trust Company was the owner of this real estate on the first Monday of July, 1940, the beginning of the school year, it is liable for the school tax for that period. City of Philadelphia v. Pennsylvania Institute, 28 Pa. Superior Ct. 421; Pennsylvania Company v. Bergson, 307 Pa. 44; Integrity Trust Co. v. St. Rita B. & L. Ass'n., 112 Pa. Superior Ct. 343; Northern Trust Co. v. Kahn, 153 Pa. Superior Ct. 461; Provident Trust Co. v. Judicial B. & L. Ass'n., 112 Pa. Superior Ct. 352. The school tax in question was levied between the date of the sheriff's sale and the time of acknowledgment and recording of the sheriff's deed. However, these taxes were not payable, demandable or collectible before the first Monday of July, 1940, the beginning of the fiscal year of the Johnstown City School District. . . . But school taxes are levied for the succeeding fiscal year, which commences the first Monday of July. If the taxes are levied in advance of the fiscal year, the date of the levy is not controlling in determining liability for the taxes. . . . Therefore, we are of opinion that the school taxes involved are not in the same class as ordinary taxes which may be assessed against real estate." [1] To this may be added that on May 27, 1946 (the present case being disposed of by the court below on June 8, 1945) in *Pennsylvania Company for Insurances on Lives and Granting Annuities v. Broad Street Hospital*, 354 Pa. 123, 47 A. 2d 281, the Supreme Court, in an exhaustive opinion by Justice LINN, held that a mortgagor's right of redemption ends at the fall of the hammer at the sheriff's sale, and does not continue until confirmation and deed.

Judgment affirmed.

---

[1] Judge McKENRICK pointed out that Act No. 24 approved March 21, 1945, not applicable here, provides that the lien of taxes is dated from the first of the fiscal year of the district levying the same, unless levied during the fiscal year.