## Gallagher Estate

*Theodore O. Rogers*, for accountants.

*Robert S. Gawthrop, Jr.*, for exceptants.

MACELREE, P. J., Febuary 23, 1963. — ...

1. Decedent, Andrew F. Gallagher, died June 29, 1961.

2. At the time of decedent's death, he was the owner of two parcels of land, one in Willistown Township, Chester County, and the other in East Goshen Township, Chester County, Pennsylvania.

3. Decedent left surviving his nine children and the issue of a deceased child, to which total of ten interests he bequeathed his residuary estate.

4. The Willistown Township property, he devised to a son, Paul J. Gallagher.

5. The East Goshen Township property, he devised in three parcels to three of his children, to wit: Mary A. Dwyer, William M. Gallagher and John I. Gallagher, a deceased son, who left issue.

6. The executors paid from estate funds and have taken credit in their account, for the payment of school taxes levied and assessed on the Willistown and East Goshen Township properties, amounting to $961.79.

7. The levy of these taxes was made by the respective school boards in May of 1961, and was based on an assessment which had been made by the chief assessor of Chester County in accordance with law, in August of 1960.

### Discussion

The sole question is whether school taxes paid by the executors were properly a liability of the estate and payable by the estate and so credited in the account or whether these taxes should have been paid by the devisees of the real estate.

The exceptant, a residuary legatee, excepts to their payment by reason of the fact that the fiscal year of the school districts in question did not commence until the first Monday of July, four days after the death of decedent.

We believe the rule to be that such real estate taxes become a liability upon the record owners of property at the time of their assessment and levy: Shaw v. Quinn, 12 S. & R. 299.

So far as we are able to ascertain this principle has not been departed from directly in Pennsylvania, and Shaw v. Quinn has been reaffirmed more than once: King v. Mount Vernon Building Association, 106 Pa. 165; Theobald v. Sylvester, 27 Pa. Superior Ct. 362; Pennsylvania Co. v. Bergson, 307 Pa. 44.

In Theobald v. Sylvester, the law is stated to be (at p. 365):

"The person charged at the time the taxes are assessed, whether that assessment be at the beginning or in the middle of the year is liable for the whole tax, . . . Taxes cannot be computed like interest from day to day; they are an arbitrary exaction by the sovereign, to meet the expenses of government, and vary from

year to year. The time when they shall be laid is determined by the taxing power. The frequency of the imposition rests with the sovereign, and the duty of paying the taxes upon seated lands is primarily upon the owner at the time they are assessed . . ."

We turn then to the question as to when the lands in question were assessed for school taxes for the year 1961-62.

Admittedly, it could not have been later than May, 1961, more than a month before decedent's death when the school board fixed the millage and it could fairly be considered to have taken place in August of 1960, when the duplicate upon which such millage was laid was fixed and thereafter sent to the tax collectors. See Fourth to Eighth Class County Assessment Law, May 21, 1943, P.L. 571, 72 PS §5453.101, and especially sections 601 and 701, as amended and as collated at 72 PS §5453.601 and §5453.701.

As of May, 1961, Andrew F. Gallagher, decedent, was the owner and record title holder of these properties.

While not afforded a brief by the exceptants, they relied upon the fact that the fiscal year of the school districts did not commence until the first Monday of July, 1961, which was several days after Mr. Gallagher's death. See Public School Code of March 10, 1949, P.L. 30, art. VI, sec. 671, 24 PS §6-671.

We are of the opinion that the fiscal year has no bearing upon the liability for taxes as between the school districts and the owner of the property.

It is true that taxes do not become a lien until the beginning of the fiscal year of the municipality, but we are not here concerned with liens, but with personal liability.

The case of Reading Trust Company v. Campbell, 159 Pa. Superior Ct. 197, has come to our attention. In that case, the Superior Court quotes at length from the

opinion of the court below which had before it a stipulation in a case stated that the school taxes were "first demandable, payable and collectible" on the first Monday of July. Just why such a stipulation was entered, we do not know.

In Marsh v. Erhard, 354 Pa. 570, it was recognized that there is no reason whatsoever why the school districts could not, if they desired, collect their taxes immediately upon the adoption of their budget and the making of their levy.

The case of Reading Trust Company v. Campbell, decided by Judge Arnold, was argued April 16, 1946, whereas Marsh v. Erhard was not decided until June 25, 1946, and it does not appear that Marsh v. Erhard was called to the attention of the Superior Court.

It may well be that Judge Arnold was confused between the *lien* of the taxes and the liability for them, inasmuch as he cited in support of the holding the Lien Act of March 21, 1945, P.L. 47, sec. 1, 53 PS §7102.

In the subject case, it is not agreed that the school taxes in East Goshen and Willistown Townships, levied in May of 1961 were not "demandable, payable and collectible" until the first Monday of July, 1961.

And, we believe that none of the cases cited in the Reading Trust Company case so hold.

For the foregoing reasons, we believe the personal representatives of the decedent were justified in making the payments to which exception has been taken and the exception is herewith dismissed.