## Barnyak *v.* Headwaters Construction Co., Appellant.

Argued April 17, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*F. Cortez Bell, Jr.,* with him *Bell, Silberblatt & Swoope,* for appellant.

*Henry A. Morrow, Jr.,* with him *James K. Nevling,* and *Thorp, Reed & Armstrong,* and *Nevling & Davis,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, July 2, 1963:

Joseph Barnyak, trading as the Barnyak and Bechtel Construction Company (hereinafter referred to as Barnyak), entered into a contract with the Pennsylvania Department of Highways, in November, 1958, to construct a certain highway in Clearfield and Elk Counties. On February 15, 1959, Barnyak contracted with the Headwaters Construction Company, whereby the latter agreed to supply equipment and move earth, necessitated by cuts and fills.

When Barnyak encountered difficulties in obtaining the customary contractor's bonds required by the Commonwealth, a Harry W. Findley agreed to indemnify the Fidelity and Deposit Company of Maryland for any loss suffered on bonds issued by that Company to cover

the construction. The Fidelity Company accordingly issued the required bonds.

A dispute arose between Barnyak, the contractor, and Headwater, the subcontractor, and the former initiated an action in equity against the latter by a writ of foreign attachment on equipment being used by Headwaters on the construction job. The equipment, however, was held on the job location under the foreign attachment until April 5, 1960, when it was released from attachment.

In the meantime, Barnyak had followed up the writ of foreign attachment with a complaint which was served on Headwaters on October 23, 1959. In his complaint Barnyak sought recovery of certain amounts alleged to be due and owing him as a result of Headwater's default in the performance of its obligations.

Harry W. Findley (the indemnitor on the labor and material bond posted by Barnyak with the Pennsylvania Department of Highways), petitioned to intervene in the action as a party plaintiff to protect himself against any claims Headwaters might bring against Barnyak for which Fidelity & Deposit Company of Maryland, surety on the bond, or Mr. Findley as indemnitor of the bond, would be liable under the bond. Findley's petition to intervene was granted. Later he died, and his Executors (Pittsburgh National Bank and Rose E. Lepas) were substituted in his stead.

When the case came on for trial Barnyak failed to appear and the court dismissed his claim against Headwaters. However, the court heard evidence on the counterclaim filed by Headwaters.

The principal claims of Headwaters for which the surety and indemnitor would be liable, in connection with the performance of work on the highway construction, reduced themselves, as a result of a stipulation between counsel for Headwaters and the Findley Estate and by the unappealed findings of the court below,

to three: (a) claim for repairs to Headwaters' equipment; (b) claim for tires furnished by Headwaters during the course of the highway construction; and (c) claim for equipment furnished to Barnyak during the course of the highway construction.

With respect to the first claim, the court held: "The claim for general repairs and overhauling, in a lump sum of $15,000, is disallowed. The evidence of Headwaters and the persons called to testify on this point did not indicate any degree of credibility or careful examination on the part of those testifying; and is, therefore, disallowed entirely, because of uncertainty."

As to the claim for tires furnished by Headwaters, the court declared: "With the use of a tire extending from six months to a year, and being a part of the necessary equipment, they are a major item on the equipment, and are expected to be expendable and covered by the rental cost charged for the use of the equipment, and, therefore, this item is disallowed; with, however, credit for $2800 spent by Findley, being the amount expended for tires."

On the claim for rentals of equipment furnished to Barnyak, the court held that Headwaters was not entitled to recovery from the Findley Estate for the full amount claimed of $36,703.84, which amount included rentals during the period the equipment could not be used because of lack of repairs, and included rentals during the period the equipment was held on the job as a result of the attachment proceedings of Barnyak. Headwaters' claim was based on 100% of the suggested daily rental rates shown in the 9th Edition of the Rental Rates of Associated Equipment Distributors (A.E.D.). The court disallowed rental for the period of time the equipment could not be used because disabled, and disallowed rental for the period the equipment was held on the job as a result of the attachment.

For the period that rentals were found to be due, the court denied 100% of the A.E.D. Rental Rates, and allowed only 60% to 85% for a total of $16,992.23, explaining: "The Findley Estate finally, after considering all the testimony, admits liability for equipment rental in the sum of $16,992.23, after disallowing rental for the period of time the equipment could not be used because of lack of repairs, or because it was being held under attachment; and the weight of the evidence indicates the full A.E.D. rates are not allowable to Headwaters Construction Company, but the average percentage thereon, 60 per cent to 85 per cent."

As to these findings Headwaters appealed. Since, however, the case was tried non-jury, and the judge's findings therefore carry the same weight as a jury's verdict, we will not interfere with his decision in this respect, since there was sufficient evidence to sustain it. As we stated in *Claughton v. Bear Stearns & Co.,* 397 Pa. 480, at 488: "Where a trial judge sits without a jury, his findings of fact, approved by a court en banc, possess the conclusive equivalence of a jury verdict and, if such findings of fact are supported by the evidence, we neither overrule such findings of fact nor substitute our judgment for that of the trial judge."

A reading of the record leads inevitably to the conclusion that the evidence more than amply supports the findings of the trial court on the three claims mentioned. They are, therefore, affirmed.

However, the court below committed error in failing to pass upon the merits of Headwaters' counterclaim against the original plaintiff Barnyak for rentals accruing during the period Headwaters' equipment remained subject to the attachment, for which the surety and the indemnitor on the bonds would not be liable. The fact that the court declared that "apparently the plaintiff became insolvent and disappeared from the action" would not prevent Headwaters from obtaining

a hearing on and a determination of his counterclaim against Barnyak. Barnyak had set the legal processes in motion when he filed his suit against Headwaters, and by instituting this suit the court from that point on had jurisdiction over him in that action. His failure to appear at the trial or his disappearance from the scene cannot oust the court of jurisdiction, or prevent a determination of his liability to the defendant on a counterclaim properly filed in answer to the complaint. As stated in *Delco Ice Manufacturing Co. v. Frick Company, Inc.,* 318 Pa. 337, 345: "Where one puts in motion the process of a court, or seeks to use the procedure of the court for the purpose of obtaining a benefit for himself, jurisdiction is conferred over him so far as the defendant in the proceeding or the court is concerned."

Where a plaintiff's action against the defendant is terminated by a nonsuit or a discontinuance, the defendant nevertheless has the right to proceed with any counterclaim filed. This is specifically provided for by Rule 232 of the Pennsylvania Rules of Civil Procedure: "232. Counterclaim. Termination of Plaintiff's Action. (a) A discontinuance or nonsuit shall not affect the right of the defendant to proceed with a counterclaim theretofore filed."

The record, therefore, is remanded to the court below for a proper determination of those items of the counterclaim which could not be successfully advanced against the surety and indemnitor, since the liability, if any, was of Barnyak alone. Until this is done, the record in this case is incomplete. Whether Headwaters would be able to collect on any judgment the court below might find it is entitled to against Barnyak is not a matter for consideration of the court in entertaining jurisdiction of and passing upon the merits of the counterclaim against him.

356

Judgment affirmed to extent herein stated; case remanded for further proceedings consistent with this opinion.