In re Edward B. WILSON and Esther E. Wilson, Debtors.

Edward B. WILSON and Esther E. Wilson, Plaintiffs,

v.

ARMSTRONG COUNTY SCHOOL DISTRICT, Defendant.

Bankruptcy No. 82–1026.
Adv. No. 82–1182.

United States Bankruptcy Court,
W.D. Pennsylvania.

Sept. 22, 1982.

Sybil S. McNulty, Laurel Legal Services, Kittanning, Pa., for plaintiffs.

Robert Pryde, Kittanning, Pa., for defendant.

## MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

This Complaint attempts to discharge or avoid the lien of taxes assessed against the real property of the Debtors by the Armstrong County School District, Taxing Authority ("Armstrong"). The Debtors bring this action pursuant to 11 U.S.C. § 522(f). The Court must decide whether the tax assessment is dischargeable as an unsecured claim or whether a lien exists, if so, what kind of lien, and whether that lien can be avoided pursuant to Section 522(f) of the Bankruptcy Code.

STATEMENT OF THE FACTS

Debtors state in their Complaint that the following taxes were assessed against their property by Armstrong: $91.55 for 1979 taxes and $236.02 for 1980 taxes.

No answer to the Complaint has been filed by Armstrong. No one appeared at the hearing set for this matter. Proof of service has not been filed. The Court could dismiss this case. However, because this Complaint raises tax issues which recur frequently, the Court attempts to analyze the problem and to set forth its views for the benefit of the parties.

DISCUSSION

A tax assessment on real property can be discharged or avoided only if a specific provision of the Bankruptcy Code so provides. A tax assessment on real estate is made nondischargeable by Section 523(a)(1)(A) of the Bankruptcy Code, which refers to Section 507(a)(6)(B), which states:

A property tax assessed before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition. Section 507(a)(6)(B).

It appears that the Code would permit a simple real estate tax assessment more than one year old to be dischargeable along with other unsecured debt. However, in Pennsylvania, a municipal real estate tax (school tax) becomes a lien on real property when assessed. By definition, this appears to be a statutory lien.

All taxes which may hereafter be lawfully imposed and assessed by counties, institution districts, cities, boroughs, towns, townships, and school districts on real property, are hereby declared to be a first lien on such real property (but subordinate to the lien of taxes imposed by the Commonwealth), and every such lien shall date from the day on which the millage or tax rate is fixed by the proper authority of such political subdivision, except where such taxes are imposed and assessed prior to the commencement of the fiscal year for which the same are imposed or assessed, in which case the lien of such taxes shall date from the first day of the fiscal year for which such taxes are imposed or assessed. 53 P.S. § 7102. See also *Reading Trust Co. v. Campbell,* 159 Pa.Super. 197, 48 A.2d 72 (1946).

Under Pennsylvania law, however, this "statutory" lien is lost unless the claim of the taxing authority is filed in the appropriate county with the Court of Common Pleas within three years of the last date of the calendar year in which the taxes are first payable. (There are certain exceptions for property located in the City of Philadelphia.) 53 P.S. § 7143; 53 P.S. § 7183.

As to statutory liens, the Bankruptcy Code gives effect to Pennsylvania's tax perfection statute which provides municipalities with three years from the last date of the calendar year in which the taxes are payable to perfect its lien. The Code does so in the following manner. As is stated in Section 544(a)(3):

(a) The trustee shall have, as of the commencement of the case and without regard to any knowledge of the trustee or any creditor, the rights and powers of or may avoid any transfer of any property of the debtor or any obligation incurred by the debtor or any obligation incurred by the debtor that is voidable by—

(3) a *bona fide* purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a *bona fide* purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

Under the Code the Trustee can claim a priority senior to an *unperfected lien* of a creditor such as a taxing body as of the commencement of the case. However, the Trustee's rights are limited by the phrase "against whom applicable law permits such transfer to be perfected", which expressly provides for a period of perfection of a lien in accordance with state law. This limitation on the avoiding power of the Trustee is set forth in Section 546(a). [The rights of the Trustee to avoid liens and thus the limits on those rights apply equally to a debtor in possession who has exercised these

rights in the place of the Trustee. Section 522(a).] In summary, a tax lien of a Pennsylvania municipality can only be discharged or avoided if it was not perfected within the three years provided by Pennsylvania law. If not perfected, it is discharged in the same manner as any other unsecured debt. However, if it is properly perfected, it remains a statutory lien on the property and cannot be avoided by Section 522(f).

The Debtor argues in this case that the lien can be avoided pursuant to Section 522(f)(1) of the Bankruptcy Code. Section 522(f)(1) states:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled, under subsection (b) of this section, if such lien is—
>     (1) a judicial lien;

The Court must then address the question of whether or not the Armstrong's lien is a judicial lien.

The Bankruptcy Code provides for three types of liens in property. These are judicial liens, defined in Section 101(27), security interests, defined in Section 101(37), and statutory liens, defined in Section 101(38). A security interest is an interest in property obtained pursuant to a security agreement. That is not the type of lien involved here. A judicial lien means "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." Section 101(27). The U.S. Court of Appeals for the Third Circuit, upholding a decision of this Court, has held a lien of the Pennsylvania Department of Welfare was such a judicial lien subject to avoidance pursuant to Section 522(f)(1). *Donald Eugene Gardner, Sr. v. Commonwealth of Pennsylvania, Department of Public Welfare,* et al., 685 F.2d 106 (1982).

The statute giving the Department of Welfare its lien on the real property of a welfare recipient provides in pertinent part:

> Any public body or public agency may sue the owner of such property for money so expended, and any judgment obtained

shall be a lien upon said real estate. 62 P.S. § 1974.

The Court of Appeals for the Third Circuit stated in *Gardner:*

> Nor is the DPW [Department of Welfare] a holder of a statutory lien. It has no lien at all until its cognovit notes are filed with the prothonotary as judgments. Section 101(38) of the Bankruptcy Code defines a statutory lien as one arising solely by force of a statute. It must be a lien arising automatically by operation of a statute, not one requiring subsequent judicial action. *Gardner, Sr. v. Commonwealth of Pennsylvania, Department of Public Welfare, et al, supra, at 109.*

The lien for real estate taxes in this case arises automatically by force of statute. No judicial action is required to bring the lien in question into existence. The lien of the Defendant is not a judicial lien, but a statutory lien. See *In re Taylor,* 17 B.R. 586 (Bkrtcy.Pa.1982).

An appropriate Order will issue.