519 A.2d 1090

In Re: Appeal of Municipality of Penn Hills and Penn Hills School District from the Action of the Board of Property Assessment, Appeals and Review of Allegheny County, Pennsylvania, on Property of U. S. Steel Corp., Universal Atlas Cement Co. situate in the Municipality of Penn Hills, Property owned by U. S. Steel Corp., Universal Atlas Cement Co. U. S. Steel Corp., Universal Atlas Cement Co., Appellants.

Argued October 7, 1986, before President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*William P. Bresnahan*, with him, *Ronald G. Backer*, *Rothman, Gordon, Foreman and Groudine, P.A.*, for appellants.

*Leonard M. Mendelson*, with him, *Andrew Raynovich, Hollinshead and Mendelson*, for appellee.

OPINION BY SENIOR JUDGE KALISH, January 9, 1987:

Appellants, U.S. Steel Corp. (U.S. Steel) and Universal Atlas Cement Co., seek review of an order of the Court of Common Pleas of Allegheny County. The court dismissed an appeal from the Board of Property Assessment, Appeals and Review of Allegheny County (Board) for lack of jurisdiction. We reverse.

The Board had fixed the real estate assessment on a tract of ground in Penn Hills, which was registered in

the name of Universal Atlas Cement Co. On February 29, 1984, the Municipality of Penn Hills and the Penn Hills School District (Penn Hills) filed appeals to the Board.

On March 30, 1984, by letter to the Board, U.S. Steel, as owner of the property, filed a notice of intervention in the appeal. On October 2, 1984, Penn Hills notified the Board that it was withdrawing its appeal. Nevertheless, U.S. Steel notified the Board that it was remaining in the appeal and was seeking a reduction of the assessment.

The Board proceeded with its appeal hearing on October 24, 1984, without the presence of Penn Hills but with the presence of U.S. Steel, and reduced the assessment. Penn Hills then appealed to the common pleas court.

The trial judge held that when Penn Hills withdrew its appeal before the Board, no reason remained for the Board to review its own assessment. The judge also held that the Board lost its jurisdiction over the issue, and that U.S. Steel lost its status as an intervenor. We disagree.

Rule II of the Rules and Regulations Governing Appeals Before the Board of Property Assessment, Appeals and Review (Rules), adopted by the Board, provides that appeals may be taken by the taxing jurisdiction or by the registered owner.

Rule V of the Rules provides that "after any appeal has been filed, any person having a direct pecuniary interest in the real estate assessed and in the assessment complained of . . . may intervene in the appeal *as a party* by filing a notice thereof. . . ." (Emphasis added.)

While the record owner is Universal Atlas Cement Co., U.S. Steel stated in its letter of intervention to the Board that "U.S. Steel Corporation, as owner of the property and having a direct pecuniary interest in the

real estate assessed and in the assessment complained of hereby intervenes in the appeal as a party."

In Pennsylvania, personal liability for taxes is incident to the ownership of land, and where the record owner is compelled to pay the taxes, he may recover from the real owner the amount paid. *Metropolitan Life Insurance Co. v. Commercial National Bank,* 115 Pa. Superior Ct. 224, 175 A. 295 (1934); *Reading Trust Co. v. Campbell,* 159 Pa. Superior Ct. 197, 48 A.2d 72 (1946). Certainly, as owner of the property, U.S. Steel has a direct pecuniary interest in the real estate.

Unlike the Rules of Civil Procedure dealing with intervention in actions pending before the common pleas court and requiring a hearing where there is an objection, Pa. R.C.P. No. 2329, no such hearing before the Board prior to intervention is required. No objection having been made in the pending appeal, intervention was accomplished by mere notice, and U.S. Steel became a party without any further action required.

Although an intervenor, as a party, takes the action "as is," in the sense that he cannot relitigate issues, he nevertheless is in the same position as if he were an original appellant. He certainly is not an intermeddler, so that upon withdrawal by the original party, he does not lose his status as a party since he still has a vital interest to protect. *Schaeffer v. Jones,* 293 Pa. 529, 143 A. 197 (1928); *Bily v. Allegheny County Board of Assessment,* 353 Pa. 49, 44 A.2d 250 (1945).

Accordingly, we reverse the trial court.

## ORDER

Now, January 9, 1987, the order of the Court of Common Pleas of Allegheny County, No. GD84-21857, dated November 25, 1985, is reversed.

DISSENTING OPINION BY JUDGE DOYLE:

I respectfully dissent. The issue in this case is whether the Board of Property Assessment, Appeals and Review (Board) retained subject-matter jurisdiction over the assessment in question subsequent to the withdrawal of the only appeal to the Board by the District and the Municipality.

As correctly observed by the majority, Board Regulation V elevates an intervenor to party status. This grant of party status is similar to Pa. R.C.P. 2330, which affords an intervenor "all the rights and liabilities of a party to the action." But Pa. R.C.P. 2330 is somewhat circumscribed by Pa. R.C.P. 2329, which sets forth the possible bases upon which a trial court may deny intervention. Among these bases is the reason that the claim or defense of those attempting intervention "is not in subordination to and in recognition of the propriety of the action." Pa. R.C.P. 2329(a). Thus, Pa. R.C.P. 2329 suggests that an intervenor's status is dependent upon the viability of the action for which intervention is sought. Similarly, Board Regulation V permits one to intervene *in an existing appeal* after it has been filed. I thus believe that under the Board's regulation an intervenor's status is dependent upon the underlying action.

In the instant case, U.S. Steel did not indicate in its notice of intervention which side it sought to align itself with. Common sense, however, dictates that it would have wished that the tax assessment remain the same or be lowered. Thus, at the Board level, its interests were adverse to those of the Municipality and the District which had appealed the assessment. Therefore, U.S. Steel was an appellee at the Board level. Once the Municipality and the District withdrew their case there was no longer an Appellant before the Board and no longer an appeal. The eradication of the appeal leads to

the conclusion that there was nothing left for the Board to adjudicate or have subject-matter jurisdiction over. That being so, it was fatal error for the Board to proceed further. It should have dismissed the case for want of jurisdiction.[1]

U.S. Steel argues that its action was actually in the nature of a counterclaim and, hence, that subsequent to the withdrawal of the Municipality's and District's appeal, a case remained. It is well-settled that under Pa. R.C.P. 232 the discontinuance by a plaintiff of its case does not affect the right of a defendant to proceed with its counterclaim. *See also Barnyak v. Headwaters Construction Co.*, 411 Pa. 350, 192 A.2d 342 (1963). The response to this contention is that the action was not denominated as a counterclaim by U.S. Steel and was not docketed as such before the Board. These facts were found by the trial court. Accordingly, there was no counterclaim and any attempt by U.S. Steel to preserve or resuscitate the suit by claiming that its notice of intervention was a counterclaim would be to permit U.S. Steel to "wrest control of the original action from the original parties," a result to be avoided. *See Goodrich-Amram 2d* §2329:2 (1977).

While at first blush the result in this case may appear harsh, it must be remembered that U.S. Steel could have appealed the assessment in its own right. It

---

[1] *Bily v. Allegheny County Board of Property Assessment, Appeals and Review*, 353 Pa. 49, 44 A.2d 250 (1945), upon which the majority relies, is distinguishable in that it involved a denial of intervention followed by a withdrawal of the suit. The party attempting to intervene had become the property owner during the pendency of the suit and attempted to be substituted for the former owner. She sought intervention, or substitution, before the case was withdrawn by the former owner and the denial of her petition, and discontinuance of the suit, was held to be an abuse of discretion. *Schaeffer v. Jones*, 293 Pa. 529, 143 A. 197 (1928), also cited by the majority, did not involve withdrawal of the principal lawsuit.

failed to do so and instead appears to have taken advantage of the fact that the Board regulation placed no specific time limitation upon a petition to intervene. It is well-settled that in Pennsylvania an intervenor takes the action as he finds it. *Tremont Township School District v. Western Anthracite Coal Co.*, 381 Pa. 276, 113 A.2d 234 (1955). U.S. Steel, having chosen to pursue its action as an intervenor, voluntarily assumed the risk that the appealing party might choose to withdraw its case. Unfortunately for U.S. Steel, that risk materialized.

It is my view that once the only appeal to the Board was withdrawn there remained nothing over which the Board could have subject-matter jurisdiction; I would therefore affirm the order of the trial court.