# H. G. LOMISON v. H. E. FAUST.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF FAYETTE COUNTY.

Argued May 11, 1891—Decided January 4, 1892.
[To be reported.]

1. The unsupported testimony on oath of a judgment defendant, alleging fraud in the procurement of the note with warrant of attorney on which the judgment is entered, opposed by the testimony on oath of the plaintiff, is insufficient to authorize the opening of the judgment to let the defendant into a defence.*

2. Where the defendant, on the purchase of land from the plaintiff, executed to the latter a purchase money mortgage and bond, and, upon a judgment confessed on the bond, the land, though greatly improved by

---

* See English's App., 119 Pa. 533.

Opinion of Court below.

the defendant, was sold for a trifle to the plaintiff, there is no relief from the unsatisfied judgment.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 70 July Term 1890, Sup. Ct.; court below, No. 226 September Term 1885, C. P.

On July 30, 1885, under a warrant of attorney, judgment was entered in favor of Dr. H. G. Lomison against H. E. Faust, in a penal sum conditioned for the payment in instalments of $6,500, with interest from March 30, 1885.

On March 4, 1889, the defendant presented his petition praying upon grounds fully set out in the opinion of this court, that the court below stay said writ, and grant a rule on the plaintiff to show cause why the judgment should not be marked satisfied. Rule granted. Subsequently, the prayer of the petition was amended to a prayer for a rule to show cause why the judgment should not be opened, etc.

In the testimony taken and filed, the petitioner testified to the facts set forth in his petition. The plaintiff in his testimony denied all the material testimony of the petitioner. Mr. Eicher, the attorney who drew the bond and mortgage for the plaintiff, testified that they were signed by the defendant in his office; that he had made known the contents of the bond to the petitioner before signing, and that the plaintiff was not present when the papers were executed.

After argument, the court, EWING, J., filed the following opinion:

The original application in this case was to have the judgment satisfied, but at the argument that position was abandoned, and an amendment allowed asking the judgment to be opened.

The allegation of the defendant is, that it was agreed between him and the plaintiff that the deferred payments were to be secured by a mortgage of the property conveyed, and that no other or further security or obligation was to be given; that any papers executed for effecting this security were to be restricted in their force, lien and effect to said property alone, and that the bond accompanying the mortgage and upon which this judgment was entered was obtained fraudulently.

Arguments.

Every single allegation of any materiality in the petition is flatly contradicted and denied in the plaintiff's answer. The petition is supported by the testimony of the defendant; the answer by the testimony of the plaintiff and of the attorney who prepared the bond and mortgage and witnessed their execution, and by all the papers in the case. In addition, it was not until after his personal property had been levied upon and sold, and the real estate conveyed to him by the plaintiff had also been levied upon and sold, and an alias writ issued and other real estate levied upon and advertised for sale, that the defendant made any move in the matter. Such being the case as it appeared before me, I am unable to see how I can open the judgment.

But it is a hard case. The plaintiff has now his real estate again, has some fifteen hundred dollars paid on account of the purchase thereof by the defendant, and the improvements made by the defendant while in possession are of considerable value ; and yet the plaintiff still holds a judgment against the defendant for about four fifths of the price of the property. Since the tract of land was knocked down to the plaintiff by the sheriff for the nominal consideration of one hundred dollars, had the defendant made application for the purpose in proper time I would have set that sale aside, unless the plaintiff had agreed to satisfy the judgment; and I have since made an effort to get the plaintiff to agree now to have his deed canceled and the rule set aside, but in vain.

The defendant has been sadly dilatory and negligent in the whole matter, but most probably his present unfortunate condition is to be attributed primarily to his lack of knowledge. He should be afforded relief, if a way for it can be found, and I have held the case this long in a vain endeavor to discover such way. I feel obliged, therefore, to discharge the rule ; but do so in hope that the defendant will carry the case to the Supreme Court, and that that court will be able to point out some method by which the defendant may avoid this oppression.

—The rule having been discharged, the defendant took this appeal, assigning the order for error.

*Mr. W. H. Playford*, for the appellant :

Opinion of the Court.

This being an equitable proceeding, it is in the discretion of the court to give us the relief we ask. True, the testimony is conflicting, but not more so than in Wilson's App., 109 Pa. 606. In that case, the hardship was not so cruel as this; but this court reversed the court below, made the rule absolute, and opened the judgment, saying : " Upon the question of fact, the testimony is contradictory and conflicting. The learned judge below did not pass upon it, and we do not desire to discuss it. It would perhaps be impossible for us to do so. We think the case should have been submitted to the jury." The hope is expressed that this court may find some way to remove this oppression from the defendant.

*Mr. Edward Campbell* (with him *Mr. T. B. Searight*), for the appellee.

Counsel cited: Phillips v. Meily, 106 Pa. 536 ; Oppenheimer v. Wright, 106 Pa. 569.

PER CURIAM:

Upon its admitted facts this is an extremely hard case. The story of the appellant, as set forth in his petition to open the judgment, is substantially as follows :

That about four years prior to his application to have the judgment opened, he purchased of the plaintiff, Dr. H. G. Lomison, for the sum of $7,500, a farm situated in Upper Tyrone township, Fayette county ; that the said Lomison desired him to sign a judgment note for $6,500, as security for the unpaid portion of the purchase money ; that he refused to sign such an instrument, stating at the time to Lomison that he would give no other security for said balance of the purchase money than the land so purchased ; that the plaintiff then said he would go to his lawyer and have a mortgage prepared ; that a mortgage and a judgment bond were accordingly prepared, and were both signed by the petitioner ; that when the petitioner signed the bond he believed it to be a part of the mortgage, and never supposed it was a bond that would give to the plaintiff a separate and independent lien on all his property, and that he would not have signed it had he so known ; that he did not know that judgment had been confessed against him on said bond, or that such could be done, until the sheriff of the county

Opinion of the Court.

came with a fieri facias, levied on his personal property, and sold the same for about four hundred seventy-five dollars ; that since the sale of his personal property the farm which he so purchased of the plaintiff was levied upon and sold by the sheriff upon an execution issued by the plaintiff to the latter, for the sum of one hundred dollars ; that after petitioner purchased said farm and went into the possession thereof, he built a new barn thereon at a cost of one thousand dollars, and other out-buildings at a cost of about five hundred dollars ; that he built fences and cleared up the farm at a cost of about one thousand dollars, and that he paid one thousand dollars of the purchase money at or about the time of the execution of the mortgage. The petitioner further alleges that the plaintiff has issued another writ of execution and levied upon another farm belonging to the petitioner, and is about to sell the same.

Upon the filing of the petition in the court below, the learned judge granted a rule to show cause why the judgment should not be opened, with a stay of proceedings. Upon the hearing of this rule, the allegation that any deception had been practiced upon the appellant, in regard to the nature or legal effect of the judgment bond, was flatly denied by the appellee, in which he was sustained to some extent by the gentleman who prepared the papers. On the other hand, there was nothing to sustain the appellant's allegation but his own oath. There was therefore merely oath against oath, with the presumptive evidence of the papers themselves in favor of the plaintiff, appellee. Under such circumstances, the court below could not have done otherwise than discharge the rule. How regretfully it was done appears from the concluding paragraph of the opinion of the learned judge. It is as follows :

" The defendant has been sadly dilatory and negligent in the whole matter, but most probably his present unfortunate condition is to be attributed primarily to his lack of knowledge. He should be afforded relief, if a way for it can be found, and I have held the case this long in a vain endeavor to discover such way. I feel obliged, therefore, to discharge the rule ; but do so in hope that the defendant will carry the case to the Supreme Court, and that that court will be able to point out some method by which the defendant may avoid this oppression."

Syllabus.

We would gladly relieve the appellant, if we could do so consistently with the well-settled rules of law. If we throw out of the case, as we are compelled to do, his allegation that the plaintiff deceived him in regard to the judgment bond, the fact remains that the plaintiff is making an unconscionable use of his power. He has his farm back, with one thousand dollars of the purchase money in his pocket, and permanent improvements far more valuable than the three years' rent which he has lost. He also sold the defendant's personal property for four hundred seventy-five dollars. In addition, he has his judgment in full force and unsatisfied for nearly its whole amount, the result probably of the appellant's ignorance or neglect in not having the farm bid up so as to cover it. The appellee is now proceeding to sell, upon this judgment, another farm belonging to appellant, after which he will still hold a mortgage upon his life and earnings for all time to come. We are glad to say that we are seldom called upon to pass upon such a case as this. If we possessed unlimited power we might perhaps relieve the appellant. But we administer the law by fixed rules, and in accordance with established precedents; and we cannot stay the hands of a creditor, who is merely pursuing his legal remedies, because the case as presented to us may appear to be a hard one. Were we to depart from this rule, the evil we would do would be greater than the particular hardship we sought to remedy.

Affirmed.