## Union Trust Company of New Castle, Guardian, Appellant, v. Tutino.

146

Argued September 25, 1945. Before MAXEY, C. J.,
DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Norman A. Martin,* with him *Martin & Martin* and
*J. Norman Martin,* for appellant.

*Alvah M. Shumaker,* for appellees.

OPINION BY MR. JUSTICE LINN, November 26, 1945:
This appeal involves construction of the Deficiency
Judgment Act of July 16, 1941, P. L. 400, 12 P.S. 2621-
1-11. The title is as follows: "AN ACT To protect the
debtors, obligors or guarantors of debts for which judg-
ments are entered or may be entered, and owners of
real property affected thereby, and others indirectly
liable for the payment thereof, by prescribing the method
of fixing the fair market value of such property sold on
execution, and limiting the amount collectible there-
after on such judgments."

Section 1 provides: "Whenever any real property . . . is hereafter sold . . . to the plaintiff in execution proceedings and the price for which such property has been sold was . . . not sufficient to satisfy the amount of the judgment, . . . and the plaintiff seeks to collect the balance due on said judgment, . . . the plaintiff . . . shall petition the court having jurisdiction to fix the fair market value of the real property sold . . ." Section 2 provides what the petition shall state and Section 7 provides that the petition must be filed "not later than six months after the sale . . ." and that if no petition is filed within that time the debtor shall be released and discharged of liability. This section was amended by the Act of May 27, 1943, P. L. 681, 12 P.S. 2621.

Nicolina Tutino delivered her bond dated February 18, 1929, in the sum of $19,000, payable in one year with interest, with a warrant of attorney to confess judgment. The bond evidenced a loan of $9,500, made to her by plaintiff's predecessor in title. On April 8, 1942, judgment was confessed for the principal, $9,500, with interest amounting to $4,505, and attorney's fee. The mortgage was of two lots of ground in New Castle described with reference to a certain plan as lots 36 and 37. Plaintiff caused a fi. fa. to issue and directed the sheriff to sell lot 37 and at the sale on May 4, 1942, purchased the property for $50.00. Notwithstanding the requirements of sections 2 and 7 of the statute, quoted above, the plaintiff did nothing until August 14, 1944, when it filed a paper which it called a "supplemental declaration." This paper recited the mortgage and the sheriff's sale and stated that, against the debt, the plaintiff had "credited the sum of Eight Thousand Five Hundred ($8,500.00) Dollars, being the appraised value of the premises purchased at the sale, leaving a balance due of Six Thousand Two Hundred Forty-one Dollars and Eighty cents ($6,241.80) with interest . . ." which plaintiff proposed to collect by execution. An alias fi. fa. issued to sell lot 36. The defendant judgment debtor

and her grantees then petitioned for a stay and for an order directing the Prothonotary to mark the judgment satisfied on the ground that plaintiff had taken no steps to fix the fair market value within the six months period allowed by the statute; that the plaintiff's election not to file such a petition operated as a release and discharge of any further liability on the judgment. Defendant obtained a rule to show cause, after which the case was heard on petition and answer; the court granted the prayer of the petition by directing the Prothonotary to mark the judgment satisfied. The plaintiff has appealed.

We should have supposed, but for appellant's argument, that there could be no possible doubt that the order was required by the statute. Prior to the Deficiency Judgment legislation, an execution plaintiff, purchasing at his foreclosure sale was required to credit on the judgment only the price, however nominal, at which the property was sold to him by the sheriff; he was then permitted to issue additional executions to recover the balance of the judgment. Obvious hardships resulting from that rule were referred to in cases in the line of *Lomison v. Faust,* 145 Pa. 8, 23 A. 377. If we keep in mind that it was such hardships which the legislature desired to abolish by the enactment of the Deficiency Judgment legislation, there can be no difficulty in construing the Act as the legislature intended. The intention, as the title and contents of the Act indicate, was to protect judgment debtors whose real estate is sold in execution, by requiring the plaintiff to give credit for the value of the property he purchased at his execution and not merely to credit the price at which it was sold. The statute deals primarily with judgments and not with mortgages except as incidentally a mortgage may have been given as security; it applies whenever "any" real property, whether mortgaged or not, has been sold, in execution, for less than the judgment debt; its application is not limited to sales of all the real property in-

cluded in any specified mortgage. If a mortgage includes more than one tract of land and the execution is against one tract only, and the plaintiff desires to proceed against other property belonging to the debtor, he must, within six months, apply to the court to fix the fair market value of the property sold and credit the judgment debt with that amount; if he does not do that, the debtor "shall be released and discharged of such liability." There is nothing in the Act to indicate that if a plaintiff elects to have execution against only part of the mortgaged property, he need not apply to the court to fix the value of the part sold; on the contrary, a construction to that effect is excluded by the requirement that he must have the value fixed whenever "any" real property is sold.

If, for example, a plaintiff has judgment entered on a judgment note, he may issue successive executions until he collects his debt out of various parcels of defendant's real estate. He need not include them all in the first execution. But if the first parcel is sold to him by the sheriff for less than enough to satisfy the judgment, he cannot have an alias writ against a second parcel unless he complies with the statute by having the fair value of the sold land fixed. This is required by the words "Whenever any real property . . . is . . . sold . . ."

Payment of the debt secured by mortgage discharges the mortgagor's liability on both the bond and mortgage. A bond and mortgage taken for the same debt, though distinct securities possessing dissimilar attributes ". . . are, nevertheless, so far one that payment of either discharges both, . . ." *Purman's Estate,* 334 Pa. 238, 241, 5 A. 2d 906. See also *Sophia Wilkes B. & L. Ass'n v. Rudloff,* 348 Pa. 477, 35 A. 2d 278.

The order is affirmed at the costs of appellant.