## Yanko v. Donaldson

*Mindlin & Sigmon,* for plaintiff.
*Joseph Walker* and *Lewis R. Long,* for defendant.

FRACK, J., January 21, 1948.—Eugene Yanko filed a suit in assumpsit against W. Lyle Donaldson for the recovery of $5,069.98, with interest allegedly due as a balance owing in connection with the construction of a dwelling house on a lot owned by defendant. Defendant filed preliminary objections to plaintiff's complaint averring that plaintiff had previously filed a mechanic's lien claim for the same amount, which lien is alleged to be in violation of a stipulation against liens. He avers that plaintiff "instead of starting . . . action in assumpsit should have proceeded by writ of scire facias on the previously entered mechanic's lien". He prayed the court to issue a rule directed to plaintiff "to show cause why the assumpsit action should not be stayed pending proceeding on the previously entered mechanic's lien and why the complaint should not be dismissed and stricken from the record". On consideration of the petition, President Judge Laub allowed

such a rule with a stay of proceedings pending its disposition. This petition and rule are now before us.

Plaintiff thereafter filed a petition to dismiss defendant's petition raising preliminary objections as aforesaid and further prays the court not only to dismiss defendant's petition raising preliminary objections but also "to enter judgment upon default in favor of plaintiff" for the amount for which suit is brought. President Judge Laub allowed a rule to show cause why defendant's said petition should not be dismissed and the rule issued thereon discharged, and why judgment should not be entered in favor of plaintiff. This petition and rule likewise are before us for disposition.

Defendant urges plaintiff may not prosecute simultaneous proceedings in assumpsit and upon mechanic's claim, and that Pa. R. C. P. 1017, promulgated by the Supreme Court, permits defendant by preliminary objections to object to the suit in assumpsit by reason of the "pendency of a prior action". Plaintiff avers the Mechanic's Lien Act of June 4, 1901, P. L. 431, 49 PS §265 provides that "nothing herein contained shall alter or in any manner affect the other rights and liabilities of those entitled to file claims under the provisions of this act; it being intended hereby only to furnish and regulate the remedies herein set forth, and to provide means for the enforcement of such remedies. . . ."

Defendant alleges this section is suspended by the Rules of Civil Procedure without citing any authority. An examination of the Rules of Civil Procedure discloses no express suspension of said section 58 of the Mechanic's Lien Act. Nor is there any suspension by implication on the ground of "inconsistency" as alleged by defendant.

A contractor creditor in a building contract "may pursue the ordinary remedy of a creditor by bringing an action on the debt, or enforce the security by bringing an action of scire facias sur Mechanics Lien. These

remedies are concurrent and cumulative": 12 Standard Pa. Practice 171, §256, citing section 58 of the Mechanc's Lien Act. A suit in assumpsit is not barred by the pendency of an action in rem upon a mechanic's claim: Young et al. v. Woodring et al., 3 D. & C. 629, Reno, J.

"When the owner and the contractor are the same person, there may not only be a mechanics' lien filed against the owner and contractor, and that prosecuted to judgment, but a personal action may be brought against the owner or contractor on his personal liability on the contract. A party may have many securities for the same debt, and may proceed on them all until he obtains satisfaction": Artman & Co. v. Truby, 130 Pa. 619, 632.

When a mechanic's lien is filed and a suit in assumpsit is also filed, in a certain sense the cause of action in both cases is the same, namely, the work done and the materials furnished in and about the erection of the building. But, in another view of the matter, the mechanic's lien is but a collateral security, and plaintiff is at liberty to proceed against the property on it at the same time that he resorts to a personal action against defendant. The one is a statutory remedy, and is strictly a proceeding in rem, while the other is the common law right of action for the recovery of a debt, which, when pursued to judgment, entitles plaintiff to have execution upon all, or any portion, of defendant's estate.

In Powell v. Wyoming Valley Manufacturing Co., 8 W. N. C. 293, the Supreme Court holds that a judgment in a personal action in assumpsit for materials furnished is no bar to filing a proceeding upon a mechanic's lien for the same materials. And if this be so, it follows that the complaint of multiplicity of suits cannot be successfully urged in a case like the present one. The opinion of the Supreme Court expresses this doctrine of the law when it says that a party may have

many securities for the same debt, and, having them, may proceed on them all until he obtains satisfaction. This is a substantive right, unchanged by the Rules of Civil Procedure. Defendant's preliminary objections must be overruled and the rule issued thereon must be discharged with leave granted defendant to file an answer within 20 days from the date of this opinion. "If the preliminary objections are overruled, the objecting party shall have the right to plead over within such time as the court shall fix": Pa. R. C. P. 1028 (d).

We must also deny plaintiff's petition to dismiss defendant's petition and must discharge the rule to show cause why judgment should not be entered for plaintiff for the amount of the suit. A petition to dismiss a petition is in violation of rule 188 of our court rules. As our late President Judge Stewart, in Weierbach v. Strauss, 20 Northamp. 322, well said, it is not good practice to ask for a rule to strike off a rule. If a rule to strike off a rule could be considered, there could still be another rule to strike off the second rule with subsequent rules without limit. As Judge Stewart says, "The confusion thus resulting would be intolerable". See also Updegrove's Estate, 27 Northamp. 197.

There is no merit to plaintiff's contention that he is entitled to a judgment by default because defendant did not file a responsive answer within 20 days after service of plaintiff's complaint. When defendant exhibited his petition raising preliminary objections to plaintiff's complaint, the court upon consideration thereof issued a rule with a stay of all proceedings pending disposition of the rule. The court had undoubted power to direct such a stay of proceedings. It was proper practice for defendant to ask for such a stay when he in limine questioned the right of plaintiff to institute the suit in assumpsit while the mechanic's lien action is still pending. That defendant's petition cannot prevail does not alter the fact that a rule was issued by the court with a stay of all proceed-

ings.  Although the rule must be discharged, defendant must be permitted to file an answer on the merits so that any issues relating to plaintiff's right to recover may be properly adjudicated.

And now, January 21, 1948, the petition of W. Lyle Donaldson is dismissed and the rule issued thereon is discharged; and the petition of Eugene Yanko is dismissed and the rule issued thereon is discharged.  Defendant is directed to file an answer to plaintiff's complaint within 20 days from date hereof.