Hoffman Lumber Company, Appellant, *v.*
Mitchell.

Argued November 14, 1951. Before RHODES, P. J.,
HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER,
JJ.

*Alexander J. Bielski,* for appellant.

*John L. Miller,* with him *Duff, Scott & Smith,* for
appellee.

OPINION BY RHODES, P. J., January 17, 1952:
The question presented on this appeal is whether
the Deficiency Judgment Act of July 16, 1941, P. L.
400, 12 PS §2621.1 et seq., applies to a sheriff's sale
of real property on a judgment obtained on a mechan-
ic's lien where the real property is bid in by the lienor
for an amount less than the lien.

The facts are not in dispute and the question is entirely a legal one. In the court below the action was in assumpsit to recover for building material furnished in the erection of three houses on lots Nos. 11, 41, and 47 in a development in Upper St. Clair Township, Allegheny County. The three claims were for $662.39, $1,197.86, and $602.53, respectively, or a total of $2,462.78, with interest from January 1, 1943.

As a defense to these claims, defendant established that in the latter part of 1942 plaintiff filed mechanic's lien claims in the Court of Common Pleas of Allegheny County against the three lots in question; that a scire facias sur mechanic's lien was issued on each of the claims; that on the scire facias judgments were entered and the lots sold by the sheriff under writs of levari facias; that plaintiff bid in the three lots for taxes and costs; that plaintiff did not, within six months after delivery of the sheriff's deeds to plaintiff's nominee, petition to have the fair market value of the real property sold fixed in accordance with the provisions of the Deficiency Judgment Act of July 16, 1941, P. L. 400, 12 PS §2621.1 et seq.

The present action of assumpsit was not begun until September 17, 1946, and it was initially against both J. Howard Mitchell and his wife, Priscilla B. Mitchell. It was admitted that, prior to the time plaintiff furnished the materials, September 5, 1941, J. Howard Mitchell conveyed the real property in question to his wife, Priscilla B. Mitchell. J. Howard Mitchell was, at all times prior to the foreclosures, the equitable and beneficial owner of the lots and his wife held the record title entirely for his benefit. Plaintiff suffered a voluntary nonsuit as to wife-defendant.

The court below affirmed defendant's point for binding instructions as to the claims covering lots Nos. 11, 41, and 47, on the ground that the Deficiency Judg-

ment Act of 1941 applied, and plaintiff's failure to proceed under that Act precluded the present assumpsit action. Judgment was entered for plaintiff for certain other claims not in dispute. The court below refused plaintiff's motion for binding instructions for the sum of $2,462.78 as claimed, and also refused plaintiff's motion for judgment n.o.v. Plaintiff appealed.

We are of the opinion that the Deficiency Judgment Act of 1941 is applicable to the sale of real property at sheriff's sale on a judgment obtained on a mechanic's lien, where the plaintiff, as lienor, bought in the real property, against which the mechanic's lien claim had been filed, for a nominal amount; and that plaintiff's failure to proceed under the Deficiency Judgment Act was a defense to the present action of assumpsit.

The language of the Deficiency Judgment Act of 1941 is comprehensive. Section 1, 12 PS §2621.1, provides: "Whenever any real property . . . is . . . sold, directly or indirectly, to the plaintiff in execution proceedings and the price for which such property has been sold was or is not sufficient to satisfy the amount of the judgment, interest and costs and the plaintiff seeks to collect the balance due on said judgment, interest and costs, the plaintiff . . . shall petition the court having jurisdiction to fix the fair market value of the real property sold as aforesaid." Other sections of the Act set up the procedure whereby the court upon petition shall determine and fix the fair market value of the real property so sold. Section 7, 12 PS §2621.7, provides that the execution plaintiff must file his petition "not later than six months after the sale of any real property." This section further states: "In the event no petition is filed within such period, the *debtor, obligor,* guarantor and *any other person liable directly or indirectly to the plaintiff* or plaintiffs for the payment of the debt shall be released and discharged of

such liability to the plaintiff or plaintiffs." [Italics supplied.]

The evil which the Deficiency Judgment Act of 1941 was designed to remedy grew out of sheriff's sales of real property, and, having in mind the purpose of the legislature, the Act should be construed broadly. *McGrath Estate,* 159 Pa. Superior Ct. 78, 81, 46 A. 2d 735. As said in *Pennsylvania Company, etc., v. Scott,* 346 Pa. 13, 19, 29 A. 2d 328, 330, the Act "extends to all sales of real property in execution." The purpose of this legislation is clearly expressed by our Supreme Court in *Union Trust Company of New Castle v. Tutino,* 353 Pa. 145, 148, 44 A. 2d 556, 558: "Prior to the Deficiency Judgment legislation, an execution plaintiff, purchasing at his foreclosure sale was required to credit on the judgment only the price, however nominal, at which the property was sold to him by the sheriff; he was then permitted to issue additional executions to recover the balance of the judgment. Obvious hardships resulting from that rule were referred to in cases in the line of Lomison v. Faust, 145 Pa. 8, 23 A. 377. If we keep in mind that it was such hardships which the legislature desired to abolish by the enactment of the Deficiency Judgment legislation, there can be no difficulty in construing the Act as the legislature intended. The intention, as the title and contents of the Act indicate, was to protect judgment debtors whose real estate is sold in execution, by requiring the plaintiff to give credit for the value of the property he purchased at his execution and not merely to credit the price at which it was sold. The statute deals primarily with judgments and not with mortgages except as incidentally a mortgage may have been given as security; it applies whenever 'any' real property, whether mortgaged or not, has been sold, in execution, for less than the judgment debt; . . ."

Our courts have recognized that, where an execution plaintiff purchases real property at sheriff's sale for less than the amount of the judgment and fails to comply with the provisions of the Act as to determination of the fair market value of the property sold, the Act in effect creates a conclusive presumption that the property was worth at least the full amount of the judgment. *Sophia Wilkes Building and Loan Association v. Rudloff*, 348 Pa. 477, 484, 35 A. 2d 278; *Dearnley v. Survetnick*, 360 Pa. 572, 577, 63 A. 2d 66; *Reading Trust Co. v. Campbell*, 159 Pa. Superior Ct. 197, 200, 48 A. 2d 72.

It is no doubt true, as appellant argues, that a mechanic's lien is an action in rem; that an action of assumpsit for materials sold and a proceeding to enforce the mechanic's lien are concurrent and cumulative remedies. 12 Stand. Pa. Prac. §256, p. 171; *Artman & Co. v. Truby*, 130 Pa. 619, 632, 18 A. 1065; *Schwartz v. Whelan*, 295 Pa. 425, 145 A. 525. And a judgment obtained in an action of assumpsit entitles a plaintiff to have execution upon all, or any portion, of a defendant's property. See *Yanko v. Donaldson*, 62 Pa. D. & C. 417, 419. Appellant did not follow that course but obtained judgment[1] on the mechanic's lien claims, and foreclosed on the real property by issuing writs of levari facias. The action of assumpsit was subsequent to the foreclosures, and for the same debt. A mechanic's lien is a security given by statute for the payment of a certain type of debt (12

---

[1] See section 58 of the Mechanic's Lien Act of June 4, 1901, P. L. 431, 49 PS §265, which expressly provides that where a mechanic's lien claim is followed by judgment on the merits, in favor of or against the contractor, the judgment shall have the effect of debarring any further proceedings against him personally. This point was not raised and has not been considered in this opinion.

Stand. Pa. Prac. §256, p. 171) ; and the following statement in *Union Trust Company of New Castle v. Tutino,* supra, 353 Pa. 145, 149, 44 A. 2d 556, 558, has relevant significance: "Payment of the debt secured by mortgage discharges the mortgagor's liability on both the bond and mortgage. A bond and mortgage taken for the same debt, though distinct securities possessing dissimilar attributes '. . . are, nevertheless, so far one that payment of either discharges both, . . .' "

It is also elementary that a mechanic's lien is a statutory proceeding, the action in rem being in the nature of collateral security for the payment of the debt due for work done or materials furnished, and, if the statutory procedure is not complied with, the lien is wholly lost. 12 Stand. Pa. Prac. §117, p. 83; *Sterling Bronze Co. v. Syria Improvement Ass'n.,* 226 Pa. 475, 75 A. 668.

However, we cannot accept appellant's argument that the peculiar nature of a mechanic's lien makes the Deficiency Judgment Act of 1941 inapplicable where the creditor and lienor pursues the claim to judgment and purchases the real property at sheriff's sale on the judgment for less than the amount of the judgment. On the contrary, it is apparent that such transactions fall clearly within both the language and the plain intent of the Deficiency Judgment Act of 1941. The fact that a judgment obtained on a mechanic's lien is a judgment in rem, as distinguished from a general judgment, does not render the Act inapplicable. In *Pennsylvania Company, etc., v. Scott,* supra, 346 Pa. 13, 19, 29 A. 2d 328, 331, the Supreme Court said that the Act "covers all sales of real property in execution whether on judgments in contract or in tort." It follows that the Act applies to the sale of real property in execution on a judgment obtained in a mechanic's lien proceeding. The distinguishing characteristics of a

mechanic's lien proceeding are not of such a nature as to preclude application of the Act. The claim on which the mechanic's lien is founded is contractual. In the present case defendant was a "debtor," and his liability to plaintiff had been discharged by virtue of section 7 of the Act, 12 PS §2621.7.

We do not consider it of any importance that the present defendant, J. Howard Mitchell, was not the record owner of the property at the time the materials were purchased by him from plaintiff, or at the time the lots were sold on the writs of levari facias. It is admitted that defendant's wife held title thereto as a dry trustee for him. In any event, defendant was a "debtor" or "person liable directly or indirectly to the plaintiff" for the payment of the debt on which the claims were based, and who, under section 7 of the Deficiency Judgment Act, 12 PS §2621.7, was discharged by the sales of the lots in question to the plaintiff in the executions for amounts not sufficient to satisfy the judgments when the execution plaintiff did not proceed under the Act to have the balances, if any, due on the judgments statutorily ascertained.

Judgment is affirmed.