**Reiter v. Shafer**

*Stone and Silvestri,* for plaintiff.
*Frank Reich,* for defendant.

MCNAUGHER, P. J., May 20, 1957.—Two of defendants James A. Karnes and Florence P. Karnes, his wife, were the owners of property in the Marymont Plan of Lots located in Penn Township and agreed to purchase a house and lot in Wilkins Township from plaintiffs for the sum of $32,500. At or prior to the closing of the transaction they transferred the Penn Township property to plaintiffs, who in turn conveyed it to the other two defendants, Walter E. Shafer and Geraldine E. Shafer, his wife, the daughter and son-in-law of the Karnes. The Penn Township property was subject to a mortgage in favor of the Wilkinsburg Federal Savings and Loan Association and plaintiffs accepted a second mortgage from the Shafers in the amount of $3,655, the bond accompanying the mortgage being executed by all four of defendants, and the proceeds of this mortgage were used by the Karnes toward the purchase price of the Wilkins Township property. Default occurred in the payment of the second mortgage and plaintiffs entered judgment on the bond at D.S.B. 1824, April term, 1955, against both the Karnes and the Shafers, execution was issued against the Shafer property and plaintiffs bought it at the sheriff's sale for costs and before delivery to them of the deed, they assigned their interest to one Samuel Gladstone for $2500, leaving a balance due on the mortgage of $1,081.44 plus interest. Following this, demand was made upon the Karnes for the balance and when payment was refused execution was issued against the Karnes property in Wilkins Township at alias fi. fa. no. 361, January term, 1957. Upon petition of the Shafers and Karnes the proceedings were then stayed and the matter is now before us on petitioners' rule to open judgment and motion for

judgment on the pleadings, on the ground that plaintiffs failed within six months of the execution and sale of the Shafer property to comply with the provisions of the Deficiency Judgments Act of July 16, 1941, P. L. 400, sec. 1 et seq., 12 PS §2621.1 et seq.

Section 1 of the Deficiency Judgments Act is as follows:

"Whenever any real property has heretofore been or is hereafter sold, directly or indirectly, to the plaintiff in execution proceedings and the price for which such property has been sold was or is not sufficient to satisfy the amount of the judgment, interest and costs and the plaintiff seeks to collect the balance due on said judgment, interest and costs, the *plaintiff* or plaintiffs *shall petition the court* having jurisdiction *to fix the fair market value* of the real property sold as aforesaid. Said petition shall be signed and sworn to by the plaintiff or plaintiffs." (Italics supplied.)

Section 7 reads as follows:

"The plaintiff or plaintiffs shall file all petitions in accordance with section one and section two of this act not later than six months after the sale of any real property: Provided, however, That, if the sale occurred prior to the effective date of this act, the plaintiff shall file such petition within six months after the effective date of this act. In the event no petition is filed within such period, the debtor, obligor, guarantor and any other person liable directly or indirectly to the plaintiff or plaintiffs for the payment of the debt shall be released and discharged of such liability to the plaintiff or plaintiffs."

Added by the Act of May 27, 1943, P. L. 681, sec. 1, is the following, 12 PS §2621.70:

"If the plaintiff or plaintiffs shall fail to present such petition to fix the fair market value of the real property sold within six months after the sale of such real property as provided by this act, the *debtor*,

obligor, guarantor or any other person liable directly or indirectly to the plaintiff or plaintiffs for the payment of the debt, or any person or persons interested in any real estate which would, except for the provisions of this act, be bound by said judgment, *may present* his or their *petition* to the court having jurisdiction, setting forth the fact of said sale, and that no petition has been filed within six months after said sale to fix the fair market value of the property sold, *whereupon the court,* upon proof of service of at least ten days' notice of said petition on the plaintiff or plaintiffs, or their attorney in said action, and being satisfied of such facts, *shall direct the prothonotary to mark said judgment satisfied,* released and discharged." (Italics supplied.)

It is conceded by counsel for plaintiffs that no petition was presented by them or on their behalf to fix the fair market value of the Shafer property either within six months after the sale thereof or at any time. But they argue that, unlike the present situation, in all cases cited by counsel for petitioners involving the provisions of the forgoing statute, the person against whom the deficiency was sought to be enforced was the principal debtor and owner of the property sold. However, the language of the act as quoted, supra, is broad enough to cover this case. See Union Trust Company of New Castle, Gdn. v. Tutino, 353 Pa. 145.

Plaintiffs seem by inference to complain that petitioners did not take advantage of any rights they may have had under the Deficiency Judgments Act immediately upon the expiration of the six months period provided. The answer to that is that the act does not provide for any limit of time within which the aggrieved person must act and the present proceeding is for the very purpose of applying the remedy when execution on the judgment is being sought.

14

Petitioners' rule will be made absolute, their motion for judgment on the pleadings granted and the prothonotary directed to mark plaintiffs' judgment against petitioners satisfied, released and discharged.

### Order

And now, to wit, May 20, 1957, defendants' rule to show cause is hereby made absolute, their motion for judgment on the pleadings is granted and the prothonotary is directed to mark plaintiffs' judgment satisfied, released and discharged in accordance with the provisions of the Act of May 27, 1943, P. L. 681, sec. 1.