## Pennsy Supply Inc. v. Peters

*Leslie Handler*, for plaintiff.

*Bruce E. Cooper*, for defendant.

SHELLEY, J., August 12, 1963.—Pennsy Supply Inc., hereinafter referred to as plaintiff, has petitioned under the Deficiency Judgment Act of July 16, 1941, P. L. 400, 12 PS §2621.1, et seq., to fix the fair market value of real estate sold to it in an execution proceeding wherein it was plaintiff.

West Ward Savings and Loan Association, hereinafter referred to as West Ward, as a party in interest, has filed preliminary objections in the nature of a motion for "a more specific complaint." Plaintiff then filed its motion to strike West Ward's preliminary objections alleging: (1) The Act of July 16, 1941, P. L. 400, sec. 1, et seq., 12 PS §2621.1, et seq., provides for the filing of an answer only to a petition to fix the value of real estate under the said act and does not provide for the filing of preliminary objections; and (2) The motion for more specific pleadings demands infor-

mation that is as available to West Ward Savings and Loan Association as it is to plaintiff, for the reason that the information requested may be determined from the records in the office of the prothonotary of the Court of Common Pleas of Dauphin County.

The question before us is: May a party in interest to a proceeding to fix the fair value of real estate under the Deficiency Judgment Act ask the court to direct the petitioner, plaintiff herein, to file a more specific complaint?

West Ward contends that Pa. R. C. P. 1017(b) (3) provides:

"(b) Preliminary objections are available to any party and are limited to . . .

"(3) a motion for a more specific pleading;"

And ". . . that this rule, with virtually no limitations, applies to all actions at law" and that since these proceedings are an action at law, it is entitled to file preliminary objections in the nature of a motion for a more specific pleading.

With this contention we cannot agree. Preliminary objections are pleadings under Rule 1017(b) and apply to the action of assumpsit and to those actions which are specifically made to conform to that action. The proceedings before us now are not covered by the Pennsylvania Rules of Civil Procedure. See Kingston National Bank v. Naveen (No. 2), 80 D. & C. 279 (1951). In Consolidated Real Estate Company v. Northumberland County, 72 D. & C. 23 (1950), it was held that while there is no authority under Pennsylvania Rules of Civil Procedure for filing preliminary objections to a petition for rule to show cause, and that since there was no formal objection to such procedure, the court treated the preliminary objections as a petition raising a question of jurisdiction and disposed of the issues involved. In the instant case, formal

objections have been made and therefore the issue raised should not be determined by preliminary objections.

The purpose of the Deficiency Judgment Act of 1941 was to remedy the evil growing out of sheriff's sales of real estate. Prior to the deficiency judgment legislation, an execution plaintiff, purchasing at his foreclosure sale, was required to credit on the judgment only the price, however nominal, at which the property was sold to him by the sheriff, and he was then permitted to issue additional executions to recover the balance of the judgment. It was the legislative intent to abolish the obvious hardships resulting from that rule: Hoffman Lumber Company v. Mitchell, 170 Pa. Superior Ct. 326 (1952). This value can only be determined in the manner prescribed by the Deficiency Judgment Act. Plaintiff, West Ward, or any other party in interest must be heard and given an opportunity both to present testimony as to the value of the land and/or cross examine witnesses called by plaintiff or other parties in interest.

It follows, therefore, that plaintiff's motion to strike the preliminary objections must be allowed, and it would serve no useful purpose for us to pass on the merits of West Ward's motion for a more specific pleading. We, therefore, make the following

*Order*

And now, August 12, 1963, West Ward's motion for a more specific pleading is denied. September 4, 1963, at 10:00 a.m. (EDST) in courtroom no. 2 is fixed for the time and place of hearing. West Ward shall file its answer in writing, setting up the nature and extent of its interest, within 15 days of this order. It is further directed that the prothonotary notify the parties to this proceeding or their counsel forthwith.