## Farmers Trust Company v. Murray

*James W. Knapp, Jr.,* for plaintiff.
*Daniel J. Clement,* for defendants.

WILSON, *P.J.,* April 30, 1975 — Petitions to set aside execution sales have been filed by defendant, Helen E. Kunkel, mortgagor defendant, and

George R. Snyder, Jr., second mortgagee, to the Snyder County sheriff's sale of two tracts of land in Snyder County; and by Helen E. Kunkel, mortgagor, to sheriff's sale of the two tracts of land in Union County. All parcels were sold to plaintiff, who was the first mortgagee on all mortgages except as to the tract in Snyder County identified as 500 West Pine Street, Selinsgrove, Pa. wherein plaintiff was both first and second mortgagee. Plaintiff, after suit, secured mortgage foreclosure judgments on all mortgages and executed on all properties under the judgments obtained.

There were two executions in Snyder County: One to execution docket no. 16, 1974, which represented an execution on the mortgage foreclosure judgment for the premises situate at 500 West Pine Street, Selinsgrove, Pa.; and to execution docket no. 17, 1974, which represented an execution on the mortgage foreclosure judgment for the premises situate at 29 South Market Street, Selinsgrove, Pa., and 500 West Pine Street, Selinsgrove, Pa. Execution sale to docket 16, 1974, was held November 11, 1974, and the property situate at 500 West Pine Street, Selinsgrove, Pa., was sold to plaintiff for $1. Execution sale to docket 17, 1974, was held November 13, 1974, and the property situate at 29 South Market Street, Selinsgrove, Pa., was sold to plaintiff for $20,000. The praecipe for execution in both dockets 16 and 17 described the premises situate at 500 West Pine Street, Selinsgrove, Pa., to docket 16, and the premises at 29 South Market Street, Selinsgrove, Pa., and property in Union County to docket 17, and the sheriff properly made levy on the same.

There was one execution in Union County to no.

19, 1974, and an execution sale thereon was held November 8, 1974, and November 12, 1974. At the sale held November 8, 1974, plaintiff bought the premises known as the "Kunkel Farm" situate in East Buffalo Township, Union County, Pa. for $66,000. At the sale held November 12, 1974, plaintiff bought the premises situate at 106 Brown Street, Lewisburg, Union County, Pa. for $28,500. The praecipe for execution directed the sheriff to levy on the following tracts: premises situate at 29 South Market Street, Selinsgrove, Pa.; premises situate at 500 West Pine Street, Selinsgrove, Pa.; premises situate at 106 Brown Street, Lewisburg, Pa.; and the premises 'situate in East Buffalo Township, Union County, Pa., known as the "Kunkel Farm."

Both petitioners ask the court to set aside the sale of the premises situate at 29 South Market Street, Selinsgrove, Pa., claiming noncompliance with the provisions of the Deficiency Judgment Act of July 16, 1941, P.L. 400, 12 P.S. §2621.1-11. Petitioner, Helen E. Kunkel, claims failure to comply with the same acts as grounds for setting aside the execution sales of the premises situate at 500 West Pine Street, Selinsgrove, Pa., and the premises situate at 106 Brown Street, Lewisburg, Pa. With this, the court cannot agree. The act provides:

"Whenever any real property has heretofore been or is hereafter sold, directly or indirectly, to the plaintiff in execution proceedings and the price for which such property has been sold was or is not sufficient to satisfy the amount of the judgment, interest and costs, and the plaintiff seeks to collect the balance due on said judgment, interest and costs, the plaintiff or plaintiffs shall petition the

court having jurisdiction to fix the fair market value of the real property aforesaid . . . .": Act of July 16, 1941, P.L. 400, sec. 1, 12 P.S. §2621.1.

Quite obviously the provisions of this act apply when a levy has been had against certain real property of the debtor and thereafter the creditor proceeds against certain other real property of the debtor not levied upon nor sold. It clearly does not apply where the creditor has levied on several tracts of real property and sells them at execution sale. To fall within the purview of the act, the subsequent sale must be to collect a balance not recovered on the first levy and execution sale. The words, "any property", used in the act has never been interpreted to mean one tract of land. In the case of Hoffman Lumber Company v. Mitchell, 170 Pa. Superior Ct. 326, 85 A.2d 664 (1952), levy and sale were made on three tracts of land. Only where the creditor attempted to recover a deficiency against other assets of the debtor did the court rule a violation of the act without petitioning the court to fix the value of the property sold. If the debtor has more than one tract of land and the creditor includes only one tract of land in execution and levy, the creditor must apply to the court to fix the value of the tract of land sold if the creditor purchases the tract and seeks to recover any deficiency against the other tract: Western Flour Co. v. Alosi, 216 Pa. Superior Ct. 341, 264 A.2d 413 (1970); Union Trust Co. of New Castle v. Tutino, 353 Pa. 145, 44 A.2d 556 (1945).

Defendant argues that the cases of Hettler et al. v. Shephard, 86 Pitts. L. J. 447, and Union Trust Co. v. Tutino, supra, support the view that the creditor must apply to the court to set the value of

the real estate bought by the creditor before any other real estate of the debtor is sold. However, it is clear that the Act of July 1, 1935, P.L. 503, 12 P.S. §51, which was declared unconstitutional in the case of Home Owners' Loan Corp. v. Edwards, 329 Pa. 529, 198 Atl. 123 (1938), provided that the creditor must sell one property and determine the deficiency before proceeding against debtor's additional property in a mortgage foreclosure proceeding covering more than one property. Union Trust Co. v. Tutino, supra, specifically restricts its application to a situation where the mortgage covers more than one tract, but execution is had against only one tract.

Plaintiff levied on the property situate at 500 West Pine Street, Selinsgrove, Pa., to docket no. 16, 1974, and purchased it at the sale. The subsequent levy on the property situate at 29 South Market Street, Selinsgrove, Pa., to docket no. 17, 1974, was not an action to recover any deficiency occasioned by the sale to docket no. 16, 1974; nor was plaintiff's levy and sale of the property situate at 106 Brown Street, Lewisburg, Pa., an action to recover any deficiency occasioned by the sale of the property known as the "Kunkel Farm."

Defendant next moves the court to set aside the sale of the property situate at 500 West Pine Street, Selinsgrove, Pa., the property situate at 29 South Market Street, Selinsgrove, Pa., and the property situate at 106 Brown Street, Lewisburg, Pa. for reasons of inadequacy of price. The power of the court to set aside a sheriff's sale for inadequacy of price lies in the sound discretion of the court. Inadequacy of consideration accompanied with some evidence of fraud or highly suspicious cir-

cumstances should be present. Here, there is no evidence of fraud or suspicious circumstances, and the inadequacy of the consideration is controlled by the Deficiency Judgment Act which credits the debtor with full satisfaction of the debt if the creditor does not petition the court to set the value of the property purchased by the creditor. See Grimes v. Grimes, 216 Pa. Superior Ct. 150, 264 A.2d 410 (1970). The Pennsylvania Supreme Court has further held that a proceeding to obtain a deficiency after a mortgage foreclosure was a useless action, void at law: Meco Realty Co. v. Burns, 414 Pa. 495, 200 A.2d 869 (1964). See also Nat. Council of Gr. Order of U.A.M. v. Zytnick, 221 Pa. Superior Ct. 391, 293 A.2d 112 (1972). Although gross inadequacy of purchase price might be a sufficient basis for setting aside the sheriff's sale, there is insufficient information presented to this court to, in good conscience, say that an injustice has been done or that the purchase price is grossly inadequate: Union National Bank of Reading v. DeLong Furniture Corp., 344 Pa. 583, 26 A.2d 440 (1942). The total amount of the debtor's indebtedness is in excess of $165,000. This would be the true consideration for the four properties purchased by plaintiff.

Defendant lastly argues that plaintiff failed to notify defendant of its intention to foreclose the mortgage against the real estate situate at 500 West Pine Street, Selinsgrove, Pa., in accordance with the provisions of Act of January 30, 1974, P.L. 13, 41 P.S. §101. In this, the court agrees. The act clearly provides that a 30-day written notice of the mortgagee's intention to foreclose must be given to the mortgagor: 41 P.S. §403. This, plain-

tiff failed to do and its argument that it escapes this requirement of the act because the mortgage's amount was in excess of $50,000 has no merit. The act does exclude mortgages in excess of $50,000, but the mortgage foreclosure, levy and sale to execution docket 16, 1974, was on a mortgage in the amount of $18,000. This sale must, therefore, be set aside.

Defendant has argued excessive attorney's fees, but the court, without considering the merits of this argument, is not convinced that this problem, if it exists, is sufficient to set aside the sales. Further, the petition of George R. Snyder, Jr., is without merit. As a junior lienholder, he would have the right to challenge a fraudulent or collusive sale: Fenton v. Joki et ux., 294 Pa. 309, 144 Atl. 136 (1928); Moyer v. Meray, 148 Pa. Superior Ct. 284, 25 A.2d 612 (1942); Union National Bank v. DeLong Furniture Corp., supra. There is here no evidence of fraud nor collusion. The Deficiency Judgment Act will not protect the junior lienholder: Philip Green & Son, Inc. v. Kimwyd, 410 Pa. 202, 189 A.2d 231 (1963).

## ORDER

And now, April 30, 1975, the petition of George R. Snyder, Jr. is denied; the petition of Helen E. Kunkel to set aside the sale of the premises situate at 500 West Pine Street, Selinsgrove, Pa., to execution docket no. 16, 1974, Snyder County, is granted, and plaintiff is directed, after proper notice to the mortgagors, to resell the premises pursuant to its writ of execution. The remaining prayer of defendant, Helen E. Kunkel, is denied.