## Concord-Liberty Savings & Loan Association v. Mooney

*Joseph A. Rieser,* for plaintiff.
*Reed J. Davis, David B. Salzman,* for Equibank.

WALKO, *J.,* November 29, 1984—Can a junior judgment creditor compel a senior mortgagee to obtain a deficiency judgment against the defaulting mortgagors as part of a mortgage foreclosure proceeding? Respondent mortgagee, Concord-Liberty Savings and Loan Association (hereafter Concord) held a duly recorded mortgage given by Dennis E. Mooney and Charles P. Mooney, mortagors. Encumbered by this mortgage are properties at 400 Tenth Street, New Brighton, Beaver County, Pa., and at 616-618 and 620 Fifteenth Street, Beaver Falls, Beaver County, Pa. Upon mortgagors' default, Concord filed for mortgage foreclosure pursuant to Pa.R.C.P. 1141 et seq.

Subsequently, mortgagors filed for bankruptcy in the Federal Bankruptcy Court for the Western Dis-

trict of Pennsylvania. Concord secured relief from the federal stay in bankruptcy case and proceeded to foreclose and execute against the Beaver Falls property. There was no bidders and Concord purchased the property for $722.72 which sum equals costs and taxes.

Concord later secured relief from the stay as to the New Brighton realty and filed for foreclosure and execution. The lot was listed for sale. At the time of the sale, Equibank, petitioner herein, presented a stay order of this court thereby staying the sale. Claiming status as a lien creditor under the Deficiency Judgment Act, Equibank now petitions this court to stay execution permanently and to enter an order directing the prothonotary and recorder of deeds to mark Concord's foreclosure judgment an underlying mortgage against the Mooney property satisfied, released and discharged.

Equibank asserts that Concord has failed to comply with the Deficiency Judgment Act, 42 Pa.C.S. §8103 et seq. Specifically, Equibank maintains that 42 Pa.C.S. 8103(a)* required Concord to petition the court to fix the fair market value of the Beaver Falls property, entitling the mortgagors to have that value credited to their debt on the mortgage judgment. Because this was not done, equity in the New Brighton property remains vulnerable to execution for the balance of the mortgage judgment in favor of

---

* 42 Pa.C.S. §8103(a) General Rule — Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition to the court having jurisdiction to fix the fair market value of the real property sold.

Concord. These circumstances greatly compromise the value of Equibank's junior lien on the same real estate. Therefore, Equibank seeks the remedy prescribed under 42 Pa.C.S. §8310(d), i.e. total satisfaction, release and discharge of Concord's judgment.

Concord argues that the nature of mortgage foreclosure renders the Deficiency Judgment Act inapplicable to the instant case. We agree. Some discussion on the nature of foreclosure and deficiency judgments is central to our conclusion. A deficiency judgment permits the holder to issue additional executions to recover *from his mortgagor* the balance of the judgment. Union Trust Co. of New Castle v. Tutino, 353 Pa. 145, 44 A.2d 556 (1945). (Emphasis added.) Liability incurred upon such a judgment is personal to the mortgagor/debtor. Conversely, the only real function of the foreclosure judgment is to effectuate judicial sale of the encumbered land. Meco Realty Co. v. Burns, 414 Pa. 488, 200 A.2d 869 (1964). Furthermore, resort to a deficiency judgment proceeding having as its object the fixing of personal liability upon the foreclosure defendants is useless and void. Id. Unlikely deficiency judgments, the foreclosure judgment charges the land in rem not the parties in personam.

In Signal Consumer Discount Company v. Babuscio, 257 Pa. Super. 101, 390 A.2d 266 (1978), our Superior Court maintained the distinction between judgments in personam and those in rem. In that case, the court relied heavily on the legislative intent behind Pa.R.C.P. 1141-1164, governing mortgage foreclosure. The court found that the legislature unquestionably intended to preserve the "de terris" aspect of mortgage foreclosure by enacting a body of rules peculiar to that proceeding, thus distinguishing it from "an action to enforce a per-

sonal liability." See, Pa.R.C.P. 1141(a). The identical conclusion has been reiterated most recently in McDowell National Bank of Sharon v. Stupka, 310 Pa. Super. 143, 456 A.2d 540 (1983).

There are, of course, instances where the complaint in mortgage foreclosure allows for entry of a dual judgment, i.e. in rem against the property and in personam against the mortgagee/debtor for the deficiency. Decision construing the Deficiency Judgment Act, as enacted and as amended, have held that mortgage foreclosure will not bar a subsequent or simultaneous proceeding on the underlying personal debt, note or bond. Dicta of an early case suggested as much, Union Trust Company of New Castle v. Tutino, supra. In Kretschman v. Stole, 238 Pa. Super. 51, 352 A.2d 439 (1975) simultaneous entry of a dual judgment on the mortgage and on the bond was permitted. In National Council of American Mechanics v. Zgtnich, 221 Pa. Super. 388, 253 A.2d 112 (1972) judgment on the bond was permitted subsequent to execution on the mortgage, thus resulting in a dual judgment.

The record of the instant case makes it clear that Concord sought only the remedy of foreclosure and execution of the judgment entered thereon. Concord's complaint cannot be read as a bid for an in personam judgment against the mortgagors. Where personal liability is not sought, the Deficiency Judgment Act does not apply. Therefore, the petition must be dismissed.

The parties have advanced other arguments regarding the limitation of actions under the Deficiency Judgment Act and the effect of pending federal jurisdiction on the tolling of the statute. Also raised are certain equitable questions relative to the instant petition. Because we conclude that the Deficiency Judgment Act does not apply, we will not ad-

dress those issues. For reasons stated herein, we enter the following

## ORDER

And now, this November 29, 1984, after due consideration of Equibank's petition, it is now ordered and decreed that the petition be dismissed with prejudice and that the order of this court dated January 9, 1984 staying the sheriff's sale of mortgagor's real estate at 400 Tenth Street, New Brighton, Beaver County, Pa. be vacated as of the date of this opinion.