578 A.2d 967

**BANK LEUMI:LE–ISRAEL, B.M., Appellant,**

v.

**Daniel ZIMMERMAN and Richard E. Rosin, Successor Trustees to Herman Winderman and Eleanor Mellman, Trustees Pursuant to a Trust Indenture Dated 11/2/73.**

Superior Court of Pennsylvania.

Argued May 3, 1990.

Filed Aug. 14, 1990.

Edward J. Hayes, Philadelphia, for appellant.

Arthur W. Lefco, Philadelphia, for appellees.

Before DEL SOLE, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from an order dated October 4, 1989, denying the Petition of appellant, Bank Leumi, to Fix Fair Value and Establish Deficiency Judgment, and marking appellant's prior judgment against appellees, Daniel Zimmerman, et al., released, satisfied and discharged. Appellant argues that the trial court erred in utilizing the Deficiency Judgment Act [1] (the "Act") to resolve the case. For the following reasons, we reverse the trial court's order and remand for proceedings consistent with this opinion.

On November 2, 1973, the parties executed a mortgage and bond by which appellant agreed to lend appellees $2 million, and appellees pledged certain parcels of real property as collateral. Appellees defaulted on the loan, and on June 15, 1984, appellant had judgment by confession entered against appellees in the amount of $940,095.39. Thereafter, on July 5, 1984, appellant instituted execution

---

1. 42 Pa. C.S.A. § 8103 et seq. Alternatively, appellant argues that the court erred in refusing to award a deficiency judgment because it mistakenly found that appellant had caused an "undue delay" in the delivery of the Sheriff's deed for purposes of the Act. However, because of our disposition of appellant's first claim, we need not reach this argument.

proceedings. A sheriff's sale was held, and some of appellees' property was sold to P. Agnes, Inc. ("Agnes") for the sum of $565,000. On September 17, 1984, appellant filed a Petition to Set Aside Sheriff's Sale. The petition was denied on March 19, 1985, and appellant filed a Notice of Appeal to that decision on April 16, 1985. Appellant also entered into negotiations with Agnes which resulted in a settlement by which Agnes made a payment to appellant, and appellant withdrew its appeal. The Sheriff's deed was issued to Agnes on November 21, 1985. On May 20, 1986, appellant filed a Petition to Fix Fair Value and Establish Deficiency Judgment against appellees. That petition was denied, and appellant's June 15, 1984 judgment was marked released, satisfied and discharged, by order dated October 4, 1989. This appeal followed.

## I. THE DEFICIENCY JUDGMENT ACT

The Deficiency Judgment Act provides the procedure that must be followed by a judgment creditor, who purchases his debtor's real property at an execution proceeding, if the execution did not fully satisfy the judgment. Our Supreme Court explained the history and purpose of the Deficiency Judgment Act in its opinion in *Union Trust Company v. Tutino*, 353 Pa. 145, 44 A.2d 556 (1945):

> Prior to the Deficiency Judgment legislation, an execution plaintiff, purchasing at his foreclosure sale, was required to credit on the judgment only the price, however nominal, at which the property was sold to him by the sheriff; he was then permitted to issue additional executions to recover the balance of the judgment.... [I]t was ... hardships [resulting from that rule] which the legislature desired to abolish by the enactment of the Deficiency Judgment legislation.... The intention, as the title and contents of the Act indicate, was to protect judgment debtors whose real estate is sold in execution, by requiring the plaintiff to give credit for the value of the

property he purchased at his execution and not merely to credit the price at which it was sold.[2]

*Id.*, 353 Pa. at 148, 44 A.2d at 558. *See also Shrawder v. Quiggle,* 256 Pa.Super. 303, 389 A.2d 1135 (1978); *Hoffman Lumber Co. v. Mitchell,* 170 Pa.Super. 326, 85 A.2d 664 (1952). The Act is structured as follows. Section 8103(a) states:

> Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court having jurisdiction to fix the fair market value of the real property sold. The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered.

42 Pa.C.S.A. § 8103(a). Once fair market value is established, and if the fair market value is less than the amount of the debt owed to the judgment creditor, the Act provides that "the judgment creditor may proceed by appropriate proceedings to collect the balance of the debt." *Id.* § 8103(c). The Act also provides certain limitations on the judgment creditor's ability to establish a deficiency judgment. Thus, subsection (b) provides that any person liable to the judgment creditor for the payment of the debt who is neither named in the petition nor served with a copy thereof, is discharged from all personal liability to the judgment creditor on the debt. Subsection (c), in turn, deals with answers to petitions to fix fair market value, and sets forth guidelines courts will follow in establishing the fair market value of the real property sold based on those answers. It also releases judgment debtors from their debt to the extent of that value, less certain costs. Subsection (d) offers the

---

2. This language refers to the Deficiency Judgment Act of 1941, 12 P.S. § 2621 et seq., which was repealed and replaced by the Deficiency Judgment Act of 1976, 42 Pa.C.S.A. § 8103, et seq. The present Act is essentially a reenactment of the prior version, except for the elimination and modification of certain procedural provisions. *See* Official Source Note, 42 Pa.C.S.A. § 8103. Our Supreme Court's observations, therefore, are no less applicable to the present version of the Act.

debtor protection if the judgment creditor fails to timely petition to fix the fair market value:

> If the judgment creditor shall fail to present a petition to fix the fair market value of the real property sold within the time after the sale of such real property provided by section 5522 (relating to six months limitation), the debtor, obligor, guarantor or any other person liable directly or indirectly to the judgment creditor for the payment of the debt, or any person interested in any real estate which would, except for the provisions of this section, be bound by the judgment, may file a petition, as a supplementary proceeding in the matter in which the judgment was entered in the court having jurisdiction, setting forth the fact of the sale, and that no petition has been filed within the time limited by statute after the sale to fix the fair market value of the property sold, whereupon the court, after notice as prescribed by the general rule, and being satisfied of such facts, shall direct the clerk to mark the judgment satisfied, released and discharged.

42 Pa.C.S.A. § 8103(d). Finally, subsection (e) of the Act prohibits debtors from entering into agreements to waive the benefits of the Act. Having discussed the history, purpose and mechanics of the Act, we now turn to an evaluation of appellant's claim.

## APPELLANT'S CLAIM

■ The scope of our review of deficiency judgment proceedings is limited to a determination of whether there is sufficient evidence to sustain the holding of the trial court, or whether the court committed a reversible error of law. *First Pennsylvania Bank, N.A. v. Peace Valley Lakeside Community and Agricultural Trust, Inc.*, 329 Pa.Super. 218, 478 A.2d 42 (1984); *Cheltenham Federal Savings and Loan Ass'n v. Pocono Sky Enterprises, Inc.*, 305 Pa.Super. 471, 451 A.2d 744 (1982).

Here, the court below found that the Act applied because "... after settling its dispute with Agnes [the party that purchased appellant's property], [appellant] entered into an

agreement [by] which [appellant] received the benefit of the higher negotiated price—just as though it had bought the property at Sheriff's Sale and then resold it to a third party—without participation of [appellees], the owners of the property." Trial Court Opinion, November 15, 1989 at 18. The court went on to hold that, although appellant had timely filed its petition within six months of the delivery of the deed to Agnes, appellant's actions in challenging the sale, and thereby delaying delivery of the Sheriff's deed for over a year, constituted an "undue delay" for purposes of the Act. The court therefore ordered that the judgment against appellees be marked released, satisfied and discharged pursuant to § 8103(d).

Appellant argues that the court's decision was erroneous because the Act does not apply. Specifically, appellant argues that a predicate for applying the Act does not exist because the property was not "sold, directly or indirectly" to appellant. Although appellant's argument is somewhat disingenuous in light of the fact that appellant itself initiated the suit under the Act, we are constrained to agree. Section 8103(a) of the Act clearly states that the Act only applies when real property is "sold directly or indirectly" to the judgment creditor. Here, the property in question was sold to a third party, Agnes, and there was no evidence that the sale was "directly or indirectly" a sale to appellant. Thus, the Act clearly does not apply, and the court erred in marking the judgment satisfied under the Act. In a case such as this, it would appear that appellant's remedy for a "deficiency," if any, would be an action to enforce the personal liability evidenced by the bond. *See generally* 9 Goodrich Amram, § 3180:1.1 (1977); 59 C.J.S. Mortgages, § 774 (1949). Accordingly, for the foregoing reason, we reverse the trial court's order and remand for proceedings consistent with this opinion.

Order reversed. Case remanded. Jurisdiction relinquished.